FREDERICK W. MYERS v. THE KALAMAZOO BUGGY CO.

*Sale of good-will—Injunction against use of similar business title.*

1. The "good-will" of a business establishment rests in the probability that its old customers will continue their custom and commend it to others.

2. Injunction lies to restrain partners who have sold out their interest in the good-will of a business from carrying on a rival establishment under a name so similar to that of the first as to mislead and draw off business; and the writ lies against all concerned in the new establishment. But it is hardly necessary to interfere with the delivery of mail to the latter beyond requiring them to turn over at once to the original establishment so much as may have been intended for it.

Appeal from Kalamazoo. (Mills, J.) June 6.—June 18.—Sept 23.

INJUNCTION bill. Defendant's appeal affirmed.

*Edwin M. Irish* and *Henry F. Severens* for complainant. Sale of a business carries the good-will it has acquired, and the right to do such incidental things as makes its value effective to the purchaser: *Hammond v. Douglas,* 5 Ves. 539; *Kennedy v. Lee* 3 Meriv. 452; *Knott v. Morgan* 2 Keen 213; *Lewis v. Langdon* 7 Sim. 421; *Dougherty v. Van Nostrand* Hoff. Ch. 69; *Bell v. Locke* 8 Paige 75; *Hein v. Lant* 10 Jur. 106; *Williams v. Wilson* 4 Sandf. Ch. 379; *Labouchere v. Dawson,* 5 Alb. L. J. 158; *Barrow v. Barrow* 7 id. 61; *Grim v. Warner* (Ia.) 15 id. 373; *Stewart v. Gladstone* 38 L. T. Rep. (N. S.) 557; the rights acquired by the purchase of the business and its good-will are of legal value, and give immunity from the vendor's encroachments, and legal redress: *Beal v. Chase* 31 Mich. 490; *Hubbard v. Miller* 27 Mich. 1; *Shaver v. Shaver* 54

Ia. 208; *Holmes et al. v. The Holmes &c. Manufg. Co.* 37 Conn. 278; 14 Am. L. Reg. (N. S.) 9, 649, 713; *Newman v. Alvord.* 51 N. Y. 189; *Glen &c. Co. v. Hall* 61 N. Y. 226; *Churton v. Douglas* 5 Jur. (N. S.) 887; *Devlin v. Devlin* 69 N. Y. 213; *Colman v. Crump* 70 N. Y. 573; *Godillot v. Harris* 81 N Y. 267; *Hier v. Abrahams* 82 N. Y. 520; *Woodward v. Lazar* 21 Cal. 448; *Marsh v. Billings* 7 Cush. 322; *Angier v. Webber* 14 Allen 211; *American Trade Mark Cases* 115, 376, 421, 500, 649, 671.

*Dallas Boudeman* and *William B. Williams* for defendants. The word "Kalamazoo" being the name of a city, cannot be exclusively appropriated by any person as a trade mark, especially when it does not indicate some quality, but only expresses the place where the goods are manufactured: *Canal Co v. Clark* 13 Wall: 311; *Brooklyn White Lead Co. v. Masury* 25 Barb. 417; *Candee, Swan & Co. v. Deere* 54 Ill. 439; *Glendon Iron Co. v. Uhler* 75 Pa. St. 467; *Wolfe v. Goulard* 18 How. Pr. 64; *Lea v. Deakin* 27 Am. L. Reg. 322; the word "Wagon" or "Wagon Company" cannot be the subject of a trade mark: *Corwin v. Daly* 7 Bosw. 222; *Town v. Stetson* 3 Daly 53; *Falkinburg v. Lucy* 35 Cal. 52; *Caswell v. Davis* 58 N. Y. 223; *Taylor v. Gillies* 59 N. Y. 331; *Popham v. Cole* 66 N. Y. 69; *Colman v. Crump* 70 N. Y. 573; *Choynski v. Cohen* 39 Cal. 501; 3 Wait's A. & D. 742; *Marshall v. Pinkham* 52 Wis. 573; the name "Kalamazoo Buggy Company" is not so similar to "Kalamazoo Wagon Company," that a person with ordinary prudence would be misled: *Snowden v. Noah* Hop. Ch. 347; *Partridge v. Menck* 2 Sandf. Ch. 622.*

PER CURIAM. In this case, without at this time presenting our views at length, we deem it proper to say that in our opinion the defendants, in adopting the corporate name they chose, and in any steps taken by them to draw to the new establishment the customers of the old, were guilty of acts calculated to destroy or impair the good-will sold to the complainant, and therefore not to be justified. We also think there is evidence in the case showing unfair advantage taken of mistakes made by persons who came or were brought into communication with the defendants when they supposed they were dealing with complainant, or intended to deal with him.

We call the attention of counsel to these conclusions, and invite briefs from them as to the remedy it shall be proper or competent to give in view of them, and as to the form of the decree that should be entered.

COOLEY, C. J.   The bill of complaint in this cause alleges in substance that on April 25, 1881, the complainant and Ira V. Hicks, Michael Kennedy and Moses H. Lane formed a copartnership at Kalamazoo under the firm name of the Kalamazoo Wagon Company; that under that name they worked up a large business in the sale of wagons, buggies, and cutters throughout the United States; that on April 4, 1883, said firm consisted of complainant, said Hicks and Lane, and Ida E. Lane,—the said Michael Kennedy having sold out his interest in said firm; that up to the last-mentioned date said firm had manufactured nearly 4000 wagons, buggies and cutters; that said firm had issued circulars to the trade throughout the United States containing cuts and description of goods, and had become widely known throughout the country under the name of the Kalamazoo Wagon Company, and that the good-will of said firm was valuable; that on April 5, 1883, said Moses H. Lane and Ida E. Lane executed and delivered to complainant an agreement, by which for $15,000 they sold, assigned, transferred and conveyed all of their interest in the property, money, assets and good-will, and all other property of every name and nature in and to the firm of the Kalamazoo Wagon Company, and gave to complainant a quitclaim deed to all the real estate of said firm, and that on May 16, 1883, complainant purchased the interest of Ira V. Hicks in said concern, and thereby became the sole owner of the property and assets of said concern, and has since continued said business alone, under the firm name of the Kalamazoo Wagon Company; that on May 24, 1883, said defendants, Moses H. Lane, George T. Lay, Frank B. Lay and Ida E. Lane, organized a corporation under the name of the Kalamazoo Buggy Company, under the general act authorizing such incorporation, for the purpose of manu-

facturing buggies and cutters; that said corporation has erected buildings at the corner of the Michigan Central and Grand Rapids & Indiana Railroads, within a few feet of the buildings owned by the Kalamazoo Wagon Company, and is there engaged in manufacturing and selling the same class of goods as has been manufactured by the Kalamazoo Wagon Company from its commencement, and said Kalamazoo Buggy Company has issued circulars to the trade with descriptive cuts of the goods manufactured by it of the same general size and appearance, and containing the same cuts and general description as the circulars of the Kalamazoo Wagon Company, and has advertised their building as situated on the said railroad crossing; that since its organization a large part of the business of the Kalamazoo Wagon Company has been transacted through the mails, and before the formation of the Kalamazoo Buggy Company much of the mail of the Kalamazoo Wagon Company would come addressed to the Kalamazoo Buggy Company—people confounding the words of similar meaning—and that since the formation of the Kalamazoo Buggy Company, great confusion has arisen in the mails by reason of the similarity of names, and mail intended for complainant was constantly addressed and delivered to the Kalamazoo Buggy Company; that by locating near the Kalamazoo Wagon Company's building, and using the name Kalamazoo Buggy Company, and issuing such a circular as it has issued, the Kalamazoo Buggy Company are misleading the public and customers of complainant into the belief that the buggy company is the same concern as the wagon company, and that thereby the complainant is deprived of the good-will purchased of defendants by complainant; that Ida E. Lane is wife of Moses H. Lane, and together they own one-half the stock of the defendant corporation, and the other defendants are the father and brother of said Ida E. Lane; that said Moses H. Lane is the only one of the defendants familiar with said manufacturing business, and complainant is informed and believes that he was instrumental in getting up said circulars and selecting said name for the express purpose of deceiving

the customers of said wagon company, and that all of defendants were acquainted with the terms of said sale before the formation of said corporation; that the name Kalamazoo Wagon Company had, by its long use, become known as a trade-mark in relation to the goods manufactured by them; that said complainant had the exclusive right to the use of the same, and that defendants had no right to use a name so similar to it as to mislead the public; that, by the acts of defendants complainant had already been greatly damaged, and that a future use of the name Kalamazoo Buggy Company by defendants would still more tend to his detriment.

The prayer of the bill is that the defendants be perpetually enjoined from using said name, Kalamazoo Buggy Company, and from conducting their business or using circulars under such name, and from taking mail from the post-office addressed to the Kalamazoo Buggy Company, or to any other name of similar import, and from doing any other act calculated to mislead the public into the belief that they are identical with the Kalamazoo Wagon Company, and for general relief.

The answer of defendants admits the formation of the partnership of the Kalamazoo Wagon Company, and the sale of the interest of defendants Moses H. Lane and Ida E. Lane to complainant, but avers that the purchase price for the property sold was based upon and was the value of the real estate and personal property, and that no price was set or paid for the good-will. The answer also admits the formation of the corporation known as the Kalamazoo Buggy Company; that such company built its building for the purpose of manufacturing at the point stated in the bill; that the defendants did issue circulars to the trade containing a description of their work, and cuts of the buggies and cutters manufactured. Their circulars were not the same as those issued by the Kalamazoo Wagon Company, but were similar to them, and were the same as issued by hundreds of other manufacturers throughout this State and the United States, and by several other firms in Kalamazoo, among which was the Kalamazoo Carriage Works, which firm was doing busi-

ness when the Kalamazoo Wagon Company was organized; and the cuts used were identical with those used by other manufacturers; that it was the usual custom of manufacturers to advertise their business by the use of such cuts and circulars, and there was no way of properly advertising them except in that way. It avers that the Kalamazoo Wagon Company nor any other person or firm had any exclusive right to the cuts or the particular style of circulars, and that every person engaged in the business was equally entitled to use them; that the Kalamazoo Buggy Company in fact made a better grade of work than complainant, and their mode of numbering their cuts was so different from complainant's that no one could be misled by the circulars; that at the time of the sale to complainant it was well understood by said complainant that defendants would erect a new manufactory on the very lots on which they did erect the same, and no objection was made to it by him, and that either of the parties who might sell out had the right to start a new business of the same kind.

The defendants deny that they selected the name Kalamazoo Buggy Company to injure the Kalamazoo Wagon Company or its good-will, but say that they selected the name because it correctly represented their business and the village in which they were located, and deny that complainant has been at all injured by the use of such name, or the good-will of his business impaired. They say that defendants have never held out to the public, or to any one, that their concern was the same as the Kalamazoo Wagon Company, but, on the contrary, they held out and advertised that they had no connection with that company, and they deny that the public generally was deceived or misled by any similarity in the names. They deny any right of complainant to the use of the said name, Kalamazoo Wagon Company, and also deny that said name is a trade-mark. They deny that since the formation of the defendants' corporation any considerable confusion of the mails of the two concerns took place. They say that in the beginning of defendants' business a few letters came to them intended for the Kalamazoo Wagon Company,

which were immediately delivered to complainant, and that
since that time to the time of commencing suit no such diffi-
culties had arisen, and that after defendants' corporation had
become known to be in existence no confusion had existed.
They aver that immediately after the sale to complainant,
and before defendants went into business under the name of
Kalamazoo Buggy Company, the complainant himself notified
by circulars all of the customers and former customers of the
Kalamazoo Wagon Company that the two companies, the
Kalamazoo Wagon Company and the Kalamazoo Buggy
Company, had no connection with each other, but were sepa-
rate institutions.   They insist that defendants have not only
established their business under a corporate name, but have
done so fairly and honestly, and they believe they had the
perfect right to the use of their corporate name in carrying
on their business; that they have not by the use of said
name led any one to leave off trading with the complainant,
and have done nothing except in the way of a fair competi-
tion to obtain any trade which might otherwise have gone to
the complainant.   Defendants further deny that complainant
has stated any case in his bill which entitles him to relief in
a court of equity, and pray the same benefit as if they had
demurred.

A temporary injunction was granted on filing the bill,
which afterwards, on the coming in of the answer, was dis-
solved.   When the cause came to a hearing on pleadings and
proofs, a decree was rendered in favor of complainant, per-
petually enjoining the defendants from carrying on their
business under the name of the Kalamazoo Buggy Company,
from distributing and issuing circulars under that name, or
soliciting custom by traveling salesmen or otherwise from the
persons who were the customers of the Kalamazoo Wagon
Company on April 5, 1883, under the name of Kalamazoo
Buggy Company, and from receiving mail from the post-
office addressed to the Kalamazoo Buggy Company, provid-
ing complainant delivered mail received by him in the name
of Kalamazoo Buggy Company, which is intended for defend-
ants, to them.   The defendants appeal.

We are satisfied that the circuit judge was right in his conclusion that the complainant has suffered serious wrong at the hands of these defendants. He purchased of Lane and his wife, for a consideration the adequacy of which is not disputed, all their interest "in the property, assets, money, good-will and all other property of every name and nature in and to the firm of the Kalamazoo Wagon Company;" and he was entitled to be put in possession of what he bought. The good-will was a substantial part of the purchase, and purposely to take any steps to prevent his receiving the benefit of it was a wrong of the same nature as would have been the retention of some portion of tangible property belonging to the stock of the company. This good-will is to be found in the probability that the old customers of the establishment whose dealings with it have been satisfactory to them will continue their custom and commend it to others; and if those customers were to be invited and enticed away from the old establishment, and especially if they were to be deceived into dealing with a new establishment under the belief that it was the old, the value of the business thus lost would be so much taken from the value of the good-will which had been bought and paid for, and the invitation, enticement or deception that caused the loss would constitute a wrongful appropriation of property. Now the evidence, as we think, leads irresistibly to the conclusion that before their sale to complainant was made, and in contemplation of it, the Lanes had bought in the name of another a lot in the immediate vicinity of the existing establishment, upon which they had planned to erect buildings and put in machinery for the carrying on of the same business the Kalamazoo Wagon Company was engaged in, under a name closely resembling that which belonged to and was important to the protection of the business they had transferred, and that this was done in the hope and expectation that by so doing the benefit of the good-will they had sold might be in part appropriated by themselves. We think that to some extent this purpose has been accomplished by them; that some confusion in the mails has resulted, and that in some instances parties who intended dealing with complainant have been misled into dealing with defendants. And

we also think that while complainant should have redress, he is entitled to the same remedies against the other defendants as against the Lanes. *Beal v. Chase* 31 Mich. 490.

But while the wrong is plain, the remedy is not so obvious. The circuit court enjoined the defendants " from conducting the business of manufacturing carriages, buggies, wagons and cutters under the name of the Kalamazoo Buggy Company, either as designating a corporation or other business association of said defendants, and from issuing and distributing circulars and business cards under that name, and from soliciting custom by the agency of traveling salesmen or otherwise from the customers of the firm known as the Kalamazoo Wagon Company who were customers of this firm on the 5th day of April, 1883, in any manner, under the name of the Kalamazoo Buggy Company, and from receiving mail from the post-office addressed to the Kalamazoo Buggy Company," with a provision requiring complainant forthwith to deliver to defendants any mail received by him that was intended for defendants or either of them. This decree we think is right except the clause respecting the mail. It is not at all likely that any great number of letters intended for complainant will fall into the hands of defendants by reason of being erroneously addressed to the Kalamazoo Buggy Company, and it is not suggested or intimated that the large majority of letters and other mail matter received at Kalamazoo to that address will not be intended for defendants. Under such circumstances to require all such mail to pass through the hands and under the scrutiny of complainant would cause a greater wrong than it would redress. This portion of the decree must therefore be so modified as to leave the defendants to receive all such mail, but requiring them forthwith to deliver to complainant all that shall appear to have been intended for him or for the Kalamazoo Wagon Company.

With this modification the decree will be affirmed, and complainant will have costs of both courts. The redress awarded may be inadequate, but it seems to be all the case will admit of.

The other Justices concurred.