WILLIAM B. RICE, Appellant, *v.* ATMORE L. BAGGOT, Respondent.

*Supreme Court, First Department, General Term, November 7, 1889.*

1. *Partnership. Good-will.*—The value of the good-will of any business to the purchaser depends, in some cases entirely, and in all cases very much, on the absence of competition on the part of those by whom the business has been previously carried on.
2. *Same. Receiver.*—The general rule as to the appointment of a receiver in an action by one partner to close up a partnership, is not applicable where the whole subject by the evidence has been placed in the power of the court, and it appears that the parties not only had not been unable to agree, but by their articles of dissolution had agreed as to all matters except the value of the good-will.
3. *Appeal. Evidence.*—A judgment will be affirmed where there is no such preponderance of evidence as will justify interference with it.

Appeal from judgment of special term.

*G. S. Hastings*, for appellant.

*W. K. Hall*, for respondent.

BRADY, J.—This action was commenced in February, 1888, for the dissolution of a copartnership theretofore existing between the plaintiff and defendant, and for an accounting. Subsequently, and after issue joined, the parties signed articles of dissolution by which all matters between them were settled except as to whether the plaintiff should pay to the defendant any sum for the good-will of the business, in addition to the sum already paid according to the articles of dissolution.

The learned justice before whom the action was tried found in favor of the defendant on this subject, determining the good-will to be reasonably worth $4,000, and this pre-

sents the only question of any importance on the appeal.

The testimony with regard to it was conflicting, although that in favor of the defendant was more affirmative in character and better in quality than that given on behalf of the plaintiff. In addition to which it appeared that the defendant had offered to pay to the plaintiff the sum of $2,000 for the good-will, or to accept that sum. And this offer in connection with the testimony already alluded to clearly justified the learned judge in holding that it was worth $4,000.

The counsel for the appellant thinks that this amount is erroneous for the reason that the evidence established that the defendant endeavored to divert the trade from the old concern by opening a store on the opposite corner, and by securing the eye and ear of the old customers as far as possible; which meant that he had distributed circulars to the old customers advising them that he had opened such a store, a circumstance which no doubt was taken into consideration by the learned justice, inasmuch as the fact mentioned was one which had appeared in the evidence. If the testimony had not been considered it would doubtless have been an error upon the proposition which seems to be correctly stated in Lindley on Partnership, as follows : " The value of the good-will of any business to a purchaser depends in some cases entirely, and in all cases very much on the absence of competition on the part of those by whom the business has been previously carried on." § 440.

This rule is predicate of the character of the good-will, which is the favor the management of a business wants from the public, and the probability that old customers will continue their patronage. Chittenden *v.* Witbeck, 30 Mich. 401 ; Myers *v.* Kalamazoo Buggy Co., 54 Id. 215. Or, as was said by Justice DALY in Hegeman *v.* Hegeman, 8 C. P. 4, " The good-will of a business may be acquired from its being established in a particular place from which the person conducting it has derived profit, and where there is attached

to the business a name indicating to the public where or in what manner it is carried on."

The judge doubtless took into consideration the fact that the store which was secured by the defendant was small, was the only one suitable in his business that he could find, and was already a shoe store, and had been, during the business of the copartners herein, and, as their business was prosperous, it was fair to presume there was little injury from the competition thus existing.

It is also supposed that the conclusion in reference to the value of the good-will was erroneous because there was no finding of fact showing that the lease had any value in excess of the rental charged. But this proposition does not embrace another element and that is the existence of the business and its success, which formed necessarily a part of the good-will.

It is also supposed by the learned counsel that his motion made upon the trial, and after the evidence was in, for the appointment of a receiver to sell the good-will and lease should have been granted. And his proposition rests upon the case of Marten *v.* Van Schaick, 4 Paige, 479, which simply decides what is perfectly familiar, that upon a bill filed by one partner to close up a partnership concern it is a matter of course to appoint a receiver if the parties cannot agree between themselves as to the disposition and control of the property, and the motion therefore is generally made before the issues are tried. Here the whole subject had by the evidence been placed in the power of the court. Not only that, but the parties had not been unable to agree as to the disposition and control of their property, for they had arranged that by their articles of dissolution, except as to the one item which had been fully investigated before the motion was made.

The judgment should be affirmed, with costs.

DANIELS, J.—The amount allowed by the judgment for

25

the good-will of the business seems to be more than its probable value, inasmuch as the stock was taken at a valuation of ninety per cent. But as the court at the trial had the advantage, not existing on the appeal, of personally seeing and hearing the witnesses, the conclusion there adopted must be accepted as final. There is no such preponderance in the evidence as will justify any interference with the judgment, and it should, therefore, be affirmed. But considering the large amount allowed, it should be without costs of the appeal.

VAN BRUNT, P. J., concurs.

### NOTE ON " GOOD-WILL OF PARTNERSHIP."

Where a partner's name does not appear, he is not entitled to share in the good-will. Smith *v.* Wood, 36 N. Y. St. Rep. 847.

One or more members of a dissolved firm cannot, without agreement, assert a successorship to the business of the old firm. Blumenthal *v.* Strauss, 53 Hun, 501.

The sale of the interest and good-will by a retiring partner includes the right to use the firm name. Caswell *v.* Hazard, 50 Hun, 230.

Good-will considered. Id.

Upon a dissolution of the firm the trademark must be sold, and its proceeds distributed, and, if not so disposed of, it remains the property of the individual members of dissolved firm, and may lawfully thereafter be used by any or either of them. Caswell *v.* Hazard, 121 N. Y. 484.

The members of a dissolved firm have the right to continue the former firm name and transact business thereunder. Id.

Where the articles of partnership of a firm of publishers of school and other books provided that, in case of the death of a partner before the expiration of the agreement, the basis of settlement should be an exact valuation of the property as per inventory, which contained a clause allowing for the stereotype and electrotype plates, engravings, publishing, patent and copyrights, good-will, etc., a sum equal to the gross profits of the firm for the last two complete business years preceding the settlement, it was held that in view of the nature of the business, which rendered the firm name inseparable from the good-will, the right to continue the business under the old firm name was covered by the expression, " good-will, etc.," and passed to the surviving members of the firm. Blake *v.* Barnes, 26 Abb. N. C. 308.