[Seay & Hendrick v. McCormick.]

# Seay & Hendrick *v.* McCormick.

*Trover.*

68  549
120  639

1. *Mortgage; when not void for uncertainty in description.*—A mortgage which describes the crops intended to be conveyed as " my entire crop of corn, cotton, [cotton] seed, fodder, peas, potatoes and cane that I may raise the present year on my place," is not void for uncertainty. While the description of the crops is very general and 'indefinite, it is capable of being rendered certain by showing the lands cultivated by the mortgagor during that year, and the quantity of the respective crops raised by him.

2. *Marks of punctuation; when supplied by the courts.*—When an instrument has been inartificially drawn, and contains no marks of punctuation, the rules of proper construction authorize these to be supplied, so as best to effectuate the intention of the parties.

3. *Mortgage construed most strongly against mortgagor.*—A mortgage must be construed most strongly against the mortgagor, he being the party stipulating for the payment of a debt, or the performance of a duty.

4. *Mortgage; marks of punctuation supplied; construction.*—Where a mortgage of crops is shown to have been inartificially drawn, and the crops intended to be conveyed are described as " my entire crop of corn cotton seed fodder" etc., " that I may raise the present year on my place," without the use of marks of punctuation, these marks will be supplied, and that clause of the mortgage construed to read, " my entire crop of corn, cotton, [cotton] seed, fodder," etc.

5. *Mortgage of unplanted crops conveys equitable, but not legal title.*—A mortgage of unplanted crops does not convey the legal title thereto, but merely an equitable one, which will not support the action of trover.

APPEAL from Pike Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

This was an action of trover brought by the appellee against the appellants for the conversion of one bale of cotton. On the trial the appellee proved, and offered in evidence a mortgage executed by one Adams, on 10th January, 1880, conveying " my entire crop of corn cotton seed fodder peas potatoes and cane that I may make the present year on my place," without the use of any marks of punctuation. The appellants objected to the admission of the mortgage in evidence on the grounds, (1) that the mortgage did not convey the cotton crop and (2) that the mortgage having been executed before the crops were planted, did not convey the legal title. The court overruled the objection and allowed the appellee to read the mortgage in evidence, and the appellants excepted. The appellee proved that the appellants purchased from Adams one bale of cotton of the

[Seay & Hendrick v. McCormick.]

crop covered by the mortgage, with constructive notice of appellee's mortgage, it having been duly recorded, and the value of the cotton. The appellants proved that they held a mortgage on the same crops, which was subsequent to that of the appellee. This being substantially all the evidence, the court charged the jury, at the written request of the appellee, that if they believed the evidence, they must find for him, and the appellants excepted. There was a judgment on verdict for the appellee from which this appeal was taken. The errors here assigned are the rulings of the Circuit Court above noted.

WM. H. PARKS, for appellants. (1). This being an action of trover, the appellee could not recover without the legal title. This he did not have, because the mortgage was executed before the crop was planted.—*Grant v. Steiner*, 65 Ala. 499. (2). The description of the property in the mortgage is too indefinite, and the mortgage is therefore void. Her. on Chat. Mort. § 42 ; *McCord v. Cooper*, 30 Ind. 9 ; *Golden v. Cockril*, 1 Kansas 259 ; *Savings Bank v. Sargent*, 20 Kansas 576 ; *Long v Pace*, 42 Ala. 495.

JNO. D. GARDNER, *contra*. (No brief came to the hands of the reporter.)

SOMERVILLE, J.—The mortgage introduced in evidence in this case is not void for uncertainty, as insisted by the appellants' counsel. The description of the crops conveyed is very general and indefinite, but is capable of being rendered certain by showing the lands cultivated by the mortgagor for the year 1880, and the quantity of the crops respectively raised. This point was so ruled in *Ellis v. Martin*, 60 Ala. 394, where a mortgage was ineffectually assailed on a like ground.

So, likewise, the instrument being inartificially drafted and without any points or marks of punctuation, as appears from an inspection of the original, the rules of proper construction authorize these to be supplied by the court so as best to effectuate the intention of the parties.—2 Bouv. Law Dict. *Titles, Punctuation* and *Points*. The contract, too, must be construed mostly strongly against the mortgagor, as the party stipulating for the payment of a debt, or the performance of a duty. It is a sound rule of interpretation that all instruments should be taken " *contra proferentem*,"—against him who gives, or undertakes, or enters into an obligation. 2 Parson's Contr. 19–20 ; 1 Brick. Dig. 386, § 162. Applying these principles in connection with the maxim *ut res magis*

[Williams v. The State.]

*valeat quam pereat,* we are of the opinion that the validity, of the mortgage must be upheld, and the punctuation supplemented so as to make it read, " my entire crop of *cotton,* [cotton] *seed,* fodder etc., that I may raise the present year on my place," etc.　This construction is simple, and carries out, as we think, the evident intention of the contracting parties.

The Circuit Court erred, however, in the charge given on the effect of the evidence.　The action brought in this case was *trover* for the alleged conversion of one bale of cotton, which is shown to be a part of the crop included in the mortgage.　But the mortgage was executed on January 10, 1880, *before the cotton was planted.*　Under the authority of *Grant v. Steiner,* 65 Ala. 499, this did not convey to the mortgagee a *legal* title, but an *equitable* one only, which could not support an action of trover.

For this erroneous ruling of the Circuit Court the judgment is reversed and the cause remanded.