# Morris & Co. v. Giddens.

101 571
130 604

### *Statutory Action of Ejectment.*

1. *Ejectment; fatal variance between complaint and evidence in description of land.*—When in an action of ejectment the plaintiff sues in his complaint to recover "41 acres of land off of the N. W. ¼ of the S. W. ¼ of section 2, township 11, range 19;" and the proof shows that on the trial the plaintiff asserted title to "41 acres off of the north and west sides of the N. ½ of the S. W. ¼ of section 2, township 11, range 19," there is a fatal variance between the averment and proof, which precludes a recovery by the plaintiff.·

2. *Exception in deed of uncertain parts of the property conveyed does not avoid a conveyance.*—When in a conveyance, complete and perfect in itself, of lands well identified and described there is embodied an exception from the grant of an uncertain and undefinable part of the property conveyed, the exception is void for uncertainty, but the grant itself is good.

3. *Same.*—An exception in a mortgage of "41 acres off of the north and west sides of the N. ½ of the S. W. ¼ of section 2, township 11, range 19," being itself undefinable, is void for uncertainty.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN R. TYSON.

This was a statutory action of ejectment brought by the appellee, J. C. Giddens, against Josiah Morris & Co. to recover the possession of certain lands.

The description of the lands sued for, as contained in the complaint, is set forth in the opinion. The title of the plaintiff to the land sued for is based on his adverse possession of the same for more than ten years. The defendants, Josiah Morris & Co., who were by motion made defendants instead of their tenant, against whom the suit was originally brought, claimed under a deed from one Bolling; and Bolling's title and claim to the property in controversy was derived from a mortgage, which was executed by plaintiff, J. C. Giddens, to R. E. Bolling, conveying to the latter certain described property. It was shown by the evidence of plaintiff that in this mortgage, which he executed to Bolling for the purpose of securing the payment of a debt to said Bolling, he conveyed his Briar Hill Place in Pike county ; that a,

portion of the lands conveyed in said mortgage was de-scribed as follows: "The N. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ (less 41 acres off the north and west side) of section 2, township 11, range 19;" and that the lands sued for in the present action are the 41 acres so excepted in said mortgage. The deed from Bolling to defendants only conveyed the lands decribed in the mortgage.

Upon the introduction of all the evidence, the court, at the request of the plaintiff, instructed the jury that, "If they believe the evidence, they must find for the plaintiff;" and to the giving of this charge the defendant duly excepted. All the other facts are sufficiently stated in the opinion. There was judgment for plaintiff. Defendants appeal, and assign as error the giving of the affirmative charge for plaintiff, and the ruling of the trial court upon the evidence, which the opinion renders unnecessary to state in detail.

E. P. MORRISETT, for appellant. The exception in the mortgage from the plaintiff to Bolling was void for uncertainty, and the mortgage conveyed the whole 80 acres.—*Frank v. Myers*, 97 Ala. 437, 11 So. Rep. 832; *Alexander v. Wheeler*, 78 Ala. 167; 18 Wis. Rep. 447; 1 Greenl. Ev., § 300, pp. 303–4.

R. L. HARMON, *contra*.

McCLELLAN, J.—This is a statutory action in the nature of ejectment. The complaint seeks the recovery of "forty-one (41) acres of land off of the northwest quarter of the southwest quarter of section 2, township 11, range 19, lying and being situated in Pike county, Alabama." The judgment follows the complaint, being that "plaintiff have and recover of the defendant the following described lands, to-wit: forty-one acres off of the N. W. $\frac{1}{4}$ of S. W. $\frac{1}{4}$ of section 2, township 11, range 19, lying and being situated in Pike county, Alabama." On the trial there was evidence offered by the plaintiff himself which tended to show that the land of which he had been in the adverse possession, through which he derived the title relied on in the action, was "forty-one (41) acres off of the north and west side of the north half of southwest quarter of section 2, township 11, range 19, in Pike county." The jury might have be-

lieved this evidence ; they had a right to do so.   If they had found that the only title shown by plaintiff by adverse possession or otherwise was of forty-one acres off the N. ½ of S. W. ¼ section 2, township 11, range 19, their verdict should have been for the defendant. Forty-one acres off the N. ½ of S. W. ¼ of section 2, &c., whatever it may be, is certainly not the same as forty-one acres off of N. W. ¼ of S. W. ¼ of section 2, &c.   The latter description would have reference alone to a certain sixteenth of a section, and no land beyond that is embraced.   The former has reference to a certain eighth of a section embracing the sixteenth named in the complaint and judgment and also another sixteenth lying immediately east.   The complaint calls in reality for all of the N. W. ¼ of S. W. ¼, and no more even though that contains only forty acres.   The evidence to which we have adverted called for a strip of land of uncertain and unascertainable width extending along the north side of the N. ½ of S. W. ¼—embracing of course a part of the N. E. ¼ of S. W. ¼—and along the west side of said half-quarter section—embracing a part and only a part of the N. W. ¼ of S. W. ¼.   There was, therefore, upon this evidence, which the jury were authorized to believe, and which indeed does not appear to have been controverted, a fatal variance between the averment and the proof.   The claim was of the whole of a certain sixteenth of a section and no more.   The evidence tended at least to show that the only title plaintiff had, or attempted to assert, pertained to an undefinable and uncertain part of a certain one-eighth of a section, embracing some part and only a part of the N. W. ¼ of S. W. ¼ sued for, and some part and only a part of the N. E. ¼ of S. W. ¼, which is not sued for.   On this state of case it was error to direct the jury to return a verdict for plaintiff, if they believed the evidence.   Leaving out of view the uncertainty of the description of the land which plaintiff really claimed as shown by the evidence, the effect of this charge was to make the jury find for plaintiff in respect of the land sued for and all the land described in the complaint, though they might well have concluded from the evidence that plaintiff had no claim whatever to a large part of the land so described and sued for.

This conclusion will operate a reversal of the case.

[Allen v. Mutual Compress Co.]

We need not pass upon the other assignments of error further than may be involved in the expression of our opinion that the attempted exception of "forty-one acres off of the north and west side of the N. $\frac{1}{2}$ of S. W. $\frac{1}{4}$ of section 2, township 11, range 19," in the mortgage executed by Giddens to Morris & Co.'s vendor, Bolling, is void for uncertainty, and of consequence the whole of the north half of said quarter section passed by that instrument.—*Frank v. Myers*, 97 Ala. 437, 11 So. Rep. 852.

Reversed and remanded.