[Bromberg v. Smee.]

# Bromberg *v.* Smee.

## *Action of Ejectment.*

1. *Ejectment; what necessary for plaintiff to recover.*—In an action of ejectment the plaintiff must recover upon the strength of his own title, and not upon the weakness of his adversary; and if the plaintiff's title is not sufficient to support the action, or if the defendant, not standing in a relation which estops him from denying the plaintiff's title, shows a superior outstanding title to that of the plaintiff, the action is defeated.

2. *Deed; effect of exception of uncertain part of property conveyed.* When in the conveyance of lands, sufficiently identified and described, there is embodied an exception from the grant of an uncertain and undefinable part of the property conveyed, the exception is void for uncertainty, but the grant itself is good and valid.

3. *Same; same; sufficiency of description.*—A deed is not void for uncertainty of description where the land intended to be conveyed is described as follows: "All that certain piece and parcel of land lying and being in the county of Mobile, and State of Alabama, in township No. 7, south of range number 3 west, and part of the south-east quarter of the northwest quarter of section number 26 in said township and range, and containing thirty-nine acres and 33¼ hundredths. The above piece or parcel of land includes the whole of the southeast quarter of the northwest quarter of section number 26 in said township, less 66¾ hundredths of an acre"; the exception alone being void for uncertainty, and the grant being good.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This was a common law action of ejectment, brought by the appellant, Frederick G. Bromberg, against the appellee, Stella Smee. In the declaration as originally filed, the demise was laid in Frederick G. Bromberg, and purported to be executed on August 18, 1900. The declaration was amended and the recovery was predicated upon a demise of one George Cassibry, executed

on October 23, 1872. The defendant pleaded the general issue.

The plaintiff introduced in evidence a deed from George Cassibry to him, executed on August 18, 1900, conveying the lands sued for in the present action. Both parties introduced in evidence the patent from the United States to said Cassibry. The plaintiff offered in evidence the deed from George Cassibry to A. Gourmond, which was dated June 1, 1866. The defendant objected to the introduction of said deed upon the following grounds: 1. Said deed is not operative as a conveyance, because it does not describe any particular piece of land. 2. Said deed is a conveyance of a part of quarter section, and the part conveyed is not described in or identified by the deed in such manner as to enable a surveyor to locate it. The description to the land as contained in said deed is copied in the opinion. The court overruled this motion and the plaintiff duly excepted.

The court permitted the defendant to introduce in evidence the receipt from the receiver of the land office, issued to Cassibry, upon the entry of the land involved in controversy. The plaintiff objected to the introduction in evidence of this receipt, upon the ground that it was immaterial and irrelevant. The court overruled the objection and the defendant duly excepted.

There was evidence introduced on the part of the plaintiff tending to show that the plaintiff had sold the lands sued for to one Connelly, before August, 1900, but that said deed was not recorded, and the residence of said Connelly was unknown. It was shown in evidence that the defendant was the adopted daughter of A. Gourmond, and that Gourmond was dead.

Upon the introduction of all the evidence the court at the request of the defendant gave the general affirmative charge in her behalf, and to the giving of this charge the plaintiff duly excepted.

There were verdict and judgment for the defendant; the plaintiff appeals, and assigns as error the rulings of the court to which exceptions were reserved.

BROMBERG & HALL, for appellant.

ROBERT T. ERVIN, *contra*, cited *Frank v. Myers*, 97 Ala. 442; *Morris & Co. v. Giddens*, 101 Ala. 574; *Tenn. C., I. & R. R. Co. v. Linn*, 123 Ala. 112; *Davis v. Mallon*, 57 Ala. 168; *Reynolds v. Caldwell*, 80 Ala. 233.

TYSON, J.—The plaintiff and defendant each claim title to the land in controversy under deeds executed by Cassibry; the former under a deed executed to him in 1900, and the latter under a deed to Gourmond, her adopted father, made in 1866. Doubtless for the purpose of avoiding the effect of defendant's possession upon the conveyance under which plaintiff claims title, the third count of the complaint was added, by way of amendment, predicated upon a demise by Cassibry in October, 1872.

The decisive point in the case, is involved in the question whether the deed of Cassibry to Gourmond is void for uncertainty of description. If not void, on this account, Cassibry effectually parted with all his title to Gourmond, and, therefore, conveyed nothing by his deed to plaintiff. And not having title, plaintiff could not recover on the demise laid in him. And this is true, notwithstanding the defendant must have parted with her title to another. For the plaintiff must recover upon the strength of his own title and not upon the weakness of his adversary's. If his title is not sufficient to support the action, or the defendant, not standing in a relation which estops her from denying his title, shows a superior outstanding title in Gourmond, or her vendee, the action is defeated.—3 Brick. Dig., 325, § 38. The description in the deed of Cassibry to Gourmond is in this language: "All that certain piece and parcel of land lying and being in the county of Mobile, and State of Alabama, in township No. 7, south of range number 3 west, and part of the southeast quarter of the northwest quarter of section number 26, in said township and range, and containing thirty-nine acres and 33¼ hundredths. The above piece or parcel of land includes the whole of the southeast quarter of the northwest quarter of section number 26 in said township, less 66¾ hundredths of an acre." It is clear to us that it was the intention of the grantor to convey all the land he owned in southeast quarter of the north-

west quarter of section 26. It is true he failed in this respect, and actually parted with all except ½ hundreths of an acre, as shown by the letters patent to him. The exception of 66¾ hundredths of an acre must have been inserted upon the theory that the subdivision contained 40 acres instead of 39 and 33¼ hundredths of an acre, or 39 and 33¾ hundredths of an acre.    However without regard to the grantor's intention to convey the entire subdivision, if it be assumed that he intended and actually attempted to except the 66¾ hundredths of an acre, the exception alone is void for uncertainty, and the grant is good.—*Morris & Co. v. Giddens*, 101 Ala. 571; *Frank v. Myers*, 97 Ala. 437.

The introduction in evidence of the receipt given to Cassibry by the receiver for the money paid by him was innocuous. Since, with it in or out of the case, neither the plaintiff nor Cassibry has a title upon which a recovery can be had.

The affirmative charge was properly given for the defendant.

Affirmed.