# Ashley, *et al. v.* Cathcart.

## *Breach of Contract.*

(Decided Feb. 4, 1909. Rehearing denied April 6, 1909.
49 South. 75.)

1. *Contracts; Construction.*—A contract should be construed if possible so as to support rather than defeat it; the whole instrument should be construed together in determining its meaning and so as to effectuate each part if possible; but should be construed most strongly against the person undertaking or entering into the obligation.

[Ashley, et al. v. Cathcart.]

2. *Same; Termination; Mutual Consent.*—Independent of any provision in the contract permitting them to do so, parties to a contract may terminate it by mutual consent.

5. *Same; Construction; Right to Terminate.*—Where the contract provided that the plaintiff should remove his saw mill to a certain tract of land and manufacture logs into lumber as per bills furnished by the defendant from time to time, the defendant to furnish such logs as he desired to have sawed and further proving that the timber to be sawed under the contract should include all the timber bought by defendant on said tract and that the contract should continue so long as plaintiff complied therewith and until the timber on that tract was exhausted, unless otherwise terminated before that time, the defendant could terminate the contract by refusing or failing to furnish logs to be sawed. (Tyson, C. J., disssents.)

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by B. F. Ashby and others against John Cathcart. From a judgment for defendant on nonsuit, plaintiffs appeal. Affirmed.

The contract sought to be enforced is as follows: "This contract and agreement, made and entered into this 1st day of June, 1905, by and between John Cathcart, of New Decatur, Alabama, party of the first part, and Ashby & Landtroop of Athens, Alabama, parties of the second part, witnesseth: That the party of the first part has this day contracted with the parties of the second part, whereby the said parties of the second part are to move their sawmill at once upon a tract of land near Harris Station, Alabama, known as the Richardson tract, and saw timber, lumber, and scantling for the said party of the first part, upon the following conditions and for the following prices, to wit: (1) Parties of the second part are to move at once and set up their sawmill on the lands above mentioned, at some spot to be selected by both parties, and are to manufacture into lumber, timber, or scantling oak and pine timber as per bills to be furnished them from time to time by the party of the first part; all timber, lumber, or scantling to be manufactured in a good workmanlike manner, and when so man-

ufactured to be placed outside of the mill in a place easy of access to teams and wagons for the purpose of loading and hauling away same from said mill. (2) The parties of the second part agree that the said mill which they shall set up on the land herein set out shall be of sufficient capacity to cut five thousand feet or more lumber per day. (3) The party of the first part is to furnish such logs as he may desire to have sawed to said mill and put same on mill skid or mill yard. (4) It is understood and agreed that, if at any time the party of the first part may find it necessary, he may from time to time request the parties of the second part to cease sawing under this contract, which request will be respected by the parties of the second part; and it is further understood and agreed that the timber to be so sawn on the contract herein shall include all the timber bought by the party of the first part from Richardson, the owner of said tract of land, with the exception of the 1 and 2 oak logs, and the said contract shall continue as long as the second parties fully comply with same, and until the timber on said Richardson tract shall become exhausted. Then this contract shall be at an end, unless otherwise terminated before that time. (5) It is further understood that, if the said parties of the second part shall fail in the performance of this contract, then the said Cathcart may pay him any amounts due hereunder and he will vacate the premises of the said Cathcart without delay. (6) For all lumber, timber, or scantling manufactured by the parties of the second part, as per specifications and terms of this contract, the said party of the first part is to pay the second parties the sum of three ($3.00) dollars per thousand feet log scale, said scale and measurement to be made by the party of the first part, and said payments to be made on the first and fifteenth of each month after the sawing is commenced as

herein for all logs sawed up to that date. (7) It is also understood and agreed that any buildings which the said second parties may erect in the prosecution of the work herein are to remain on the land when his said mill is removed and that he will have no further interest in same. Witness our hands and seals the day and date first above written. John Cathcart. (L. S.) Ashby & Landtroop, (L. S.) by B. F. Ashby. Signed in duplicate. Witness: L. P. Martin."

The breach of this contract was made the basis for damages, and the breaches alleged were variously stated as for a failure to furnish logs; the furnishing of logs to other sawmills which ought to have been furnished defendant, and various other acts of defendant, making it impossible for plaintiff to comply with the contract. The demurrers material to the points decided take the position that the contract is terminable at the election of the defendant, and that by his acts he elected to so terminate the contract.

W. R. WALKER, for appellant. Where party disabled himself to perform his part of the contract neither demand for performance nor tender of performance by the other party thereto is required before he can institute suit for a breach thereof.—*Ware L. Co. v. Sullivan Logging Co.*, 120 Ala. 558; *McTigh v. McLean*, 93 Ala. 626; *Danforth v. T. C. R. R. Co.*, 93 Ala. 614; *Peck-Hanna & Co. v. Heifner*, 136 Ala. 472; *Fletcher v. Prestwood*, 43 South. 231; *Henderson-Boyd L. Co. v. Cook*, 42 South. 838; *Milligan v. Keyser*, 42 South. 367; *Murray v. Barnhardt*, 42 South. 489; *Christy, et al. v. Patton*, 42 South. 614. A refusal of one party to a contract to perform his part thereof is a waiver of the conditions precedent otherwise required of the other party.—*Elliott v. Howison*, 146 Ala. 568; *Heironymus Bros. v. Bienvills sup. Co.*,

131 Ala. 447; s. c. 138 Ala. 577; *Drake v. Gorse*, 22 Ala. 409; *Fayles v. McCree*, 36 Ala. 64; *Mason v. Ala. I. Co.*, 110 Ala. 567. Where there are conditions precedent to be performed, the party failing to fulfill them is liable for a breach of the contract.—*Nesbitt v. McGehee*, 26 Ala. 748; *Powell v. Sammons*, 31 Ala. 552. The refusal to designate where designation goes to the gist of the contract is a breach for which action will lie.—*Florence Wagon Works v. Kalamazoo, etc. Co.*, 145 Ala. 528. Where one party by his acts prevents the performance of a contract by the other party there is a breach.—36 N. Y. 388; 21 Vt. 469; 1 A. & E. Ency of Law, 921; 25 L. R. A. 719; 149 U. S. 1; 181 U. S. 452. Where one party prevents the performance of the contract by the other party profits which would have accrued by the performance of the said contract is the measure of damages for the breach.—*Peck-Hammond v. Heifner, supra; Danforth v. T. C. R. R. Co. supra;* s. c. 99 Ala. 331; s. c. 112 Ala. 80; *Robinson v. Bullock*, 66 Ala. 548; *Fayles v. McCree, supra.* The law leans against the destruction of contracts because of uncertainty and they are not suffered to perish unless the intention of the parties thereto cannot be fairly and reasonably collected and effectuated.— *Boykin v. The Bank*, 72 Ala. 262; *Robinson v. Bullock, supra;* s .c. 58 Ala. 618; *Pollard v. Muddox*, 28 Ala. 325; *White v. Word*, 22 Ala. 442; *Holst v. Harmon*, 122 Ala. 460; *Byrne Mill Co. v. Roberts*, 42 South. 1008; *Abney v. Moore*, 105 Ala. 131. Under this contract and the evidence its construction should have been submitted to the jury.—*Boykin v. The Bank, supra; W. U. T. Co. v. Way*, 83 Ala. 560; *Weir v. Long*, 145 Ala. 328; *Mobile D. D. Co. v. McMillan*, 31 Ala. 711. It is always permissible to show by parol evidence the surrounding circumstances of the party to the contract in order that

[Ashley, et al. v. Cathcart.]

their intentions may be ascertained.—*Davis v. Roberts*, 89 Ala. 402; *Crass v. Scruggs & Co.*, 115 Ala. 258; *Mason v. Ala. I. Co.*, 73 Ala. 270; *Robinson v. Bullock, supra; Weir v. Long, supra; Pollard v. Maddox, supra.* A promise is a good consideration for a promise, and under the facts in this case the mutuality of obligation became established.—*Baxley v. T. & M. Co.*, 128 Ala. 183; *Sheffield F. Co. v. Hull C. & C. Co.*, 101 Ala. 446; *Fayles v. McCree, supra; Mason v. Ala. I. Co. supra.* Profits which might have been made and which may be ascertained as reasonable serves as the measure of damages in this case.—*Young v. Cureton*, 87 Ala. 727; *Bell v. Reynolds*, 78 Ala. 511; *Penn v. Smith*, 104 Ala. 445; *Culver v. Hill*, 68 Ala. 66; *Vandegrift v. Abbott*, 75 Ala. 487; *Houghton v. Miller*, 84 Ala. 538; *Murphy v. Farley*, 124 Ala. 279 and authoritites supra. Expenses are recoverable when profits cannot be proven.—*Wothington v. Gwin*, 119 Ala. 44; *Danforth v. T. & C. R. R. Co. supra; U. S. v. Meehan*, 110 U. S. 383; *Weir L. Co. v. Sullivan L. Co. supra.*

E. W. GODBEY, for appellee. This contract is unilateral and under its terms might be terminated by Cathcart at any time. The judicial definition of the word, "desire" may be found in the following cases.—*Am. Cot. Oil Co. v. Kirk*, 68 Fed. 791; *Harrison, et al. v. Wilson L. Co.*, 45 S. E. 730; 101 Ga. 810; 117 Fed. 474; *Campbell v. Lambert*, 51 Am. Rep. 1. The absolute power over operations was vested in Cathcart not only by a passive but by a positive veto.—52 Atl. Rep. 751; 143 Fed. 750; 78 S. W. 104; 60 Am. St. Rep. 86; 175 Pa. 213. The contract was uncertain which destroyed all its mutuality.—24 L. R. A. 357; 31 Mich. 43; 33 Mich. 331; 55 Am. Rep. 708. The contract is void because of uncertainty and the speculative character of damages.—

*Erwin v. Erwin,* 25 Ala. 236; *Howard v. R. R. Co.,* 91 Ala. 268; *Pulliam v. Schimpf,* 19 South. 430; *Allis v. McLean,* 12 N. W. 640; *Moulthrop v. Hyatt,* 105 Ala. 493; *Nichols v. Rash,* 35 South. 411; 1 L. R. A. 843; 3 L. R. A. (N. S.) 709; *Southern Ry. Co. v. Coleman,* 44 South. 837; *Watson v. Kirby,* 112 Ala. 436; 42 Am. Rep 460; 69 Pa. St. 432. Indefiniteness as to time avoids the contract.—*Christy, et al. v. Patton,* 42 South. 614; 18 N. W. 394; *Southern Ry. Co. v. Coleman, supra.* Uncertainty as to dimensions is fatally indefinite.—*Smith v. Aiken,* 75 Ala. 209; 5 Words & Phrases, 4257. Requisite certainty cannot be supplied by subsequent events. —*Byrne M. Co. v. Robertson,* 42 South. 1008; 1 Sutherland on Damages, sec. 13; 24 L. R. A. 359. Expenses are not recovable.—133 Ala. 441; *Blacksheer v. Hood,* 45 South. 958; *Beck v. West,* 87 Ala. 218; 91 U. S. 324; 57 L. R. A. 696; 40 Mich. 322; *Moore v. Westinghouse E. & M. Co.,* 112 Ala. 542. It was not shown that the mill was kept idle.—19 L. Ed. 484; 105 U. S. 224; 20 C. C. A. 515.

ANDERSON, J.—We fully recognize the rule that in the construction of contracts the whole instrument should be considered in determining the meaning of any or all of its parts. The contract should be supported, if possible, rather than defeated. All parts should be construed, if possible, so as to give validity and effect to each, and all instruments should be construed contra proferentem; that is, against him who gives, or undertakes, or enters into an obligation.—*Comer v. Bankhead,* 70 Ala. 136; 2 Parsons on Contracts, 13 16; *Chicago v. Sheldon,* 9 Wall, 50, 19 L. Ed. 594. But we think the contract under consideration, after applying the foregoing rule against the appellee to its construction clearly and unreservedly gave the apellee the right to terminate

[Ashley, et al. v. Cathcart.]

same by failing to furnish logs, as he agreed to furnish only such logs as he desired to have sawed. If he did not desire to do so, he did not, under the contract, have to do so. It is true the timber to be sawed embraced all on the "Richardson" tract, except the 1 and 2 oak logs, "and the said contract shall continue as long as the second party fully complies with same, and until the timber on the Richardson tract shall become exhausted. Then this contract shall be at an end, unless otherwise terminated before that time." We are therefore in a measure relieved from an interpretation of the third clause of the contract, as the parties themselves evidently meant and understood that it gave the appellee the option of not furnishing the logs, unless he desired to do so, by expressly recognizing in clause 4 that it could be terminated by Cathcart before all the timber on the Richardson land was exhausted; for, in fixing the period of its termination, it guardedly says, "unless otherwise terminated before that time," thus emphasizing that a right to terminate existed before all the timber was cut and sawed. It evidently had no reference to a termination by mutual consent, as the parties had this right, independent of any clause or proviso in the contract.

The trial court did not err in sustaining the defendant's demurrers to the complaint, and the judgment of the city court is affirmed.

Affirmed.

DOWDELL, SIMPSON, DENSON, and MAYFIELD, JJ., concur. TYSON, C. J., dissents.