# Jacobs v. Roach.

## Trespass to Land.

(Decided May 24, 1909. 49 South. 576.)

. 1. *Deeds; Reservation; Construction.*—Where the reservation in a deed is doubtful, it must be construed in favor of the grantee.

2. *Same.*—The reservation in a deed of the right to use the cedar timber on said land refers to the timber then existing and does not give the grantor the right to enter the land many years afterwards, and remove the timber grown since the execution of the deed.

' APPEAL from Jackson Circuit Court.

Heard before Hon; W. W. HARALSON.

Action by Lizzie Jacobs against L. R. Roach for damages for trespass to land by entering and cutting timber therefrom. Judgment for defendant and plaintiff appeals. Reversed and remanded.

VIRGIL BOULDIN, for appellant.—Reservations are con-
strued against the grantee when ambiguous or doubtful.
—8 Words & Phrases, 7223; *Clark v. Way,* 11 Rich Law,
621; *Strauss v. Sheriff,* 9 South. 102; 13 Cyc. 676; 9
Dev. on Deeds, 979.

No counsel marked for appellee.

SAYRE, J.—Appellant derived her title to certain 40
acres of land through mesne conveyance and devolution
from the appellee. The deed from appellee was execut-
ed in 1880. In it there was this clause: "Conditions
that I retain the right to use cedar timber off said land."
Plaintiff sought to maintain her action against the de-
fendant for entering upon her land and cutting and car-
rying away cedar growing there on two theories, aptly
expressed in different counts of the complaint:   (1)
The right of user had been exhausted, before the act
complained of, by the exhaustion of the cedar growing
upon the land at the date of the deed; (2) the defendant
abused his right of user, yet existent, by cutting cedar
of a kind and for purposes not reserved.   The evidence
showed without conflict that the defendant entered upon
the land, and cut off the cedar during the winter of
1904-05; that pretty well all the cedar then on the
ground was young and growing, from the size of a stove-
pipe down; and that all of it was cut which would make
a fence post three inches through at the top and eight
feet long.   Most of the cedar was fence-post stuff, then
there was a larger size for barn poles, and a few pieces
for piling.   The cedar had grown since 1880.   The evi-
dence also showed that about two-thirds of the land was
timbered,   and   valuable   only for   the cedar   timber
thereon.

The reservation, if doubtful, must be construed in fa-
vor of the grantee.   It was the office of the grantor to

[Jacobs v. Roach.]

speak. He had the power to clear away all ambiguities. The bias of presumptive construction must incline against him. "And, further, although parol evidence is not admissible to prove that the parties intended something different from that which the written language expresses, or which may be the legal inference and conclusion to be drawn from it, yet it is always competent to give in evidence existing circumstances, such as the actual condition and situation of the land, buildings, passages, water courses, and other local objects, in order to give a definite meaning to language used in the deed, and to show the sense in which particular words were probably used by the parties, especially in matters of description."—*Salisbury v. Andrews,* 19 Pick. (Mass.) 250. The language of the reservation speaks in præsenti. Naturally it seems to refer to cedar timber then growing and standing upon the land. This interpretation is reinforced by consideration of the fact that the timbered part of the land was valuable only for the cedar timber, so that, if the reservation be held to include timber to grow in the indefinite future, the grant as to that part of the land would be of no value, while the reservation would be the equivalent in value of the entire estate. In our judgment, the right reserved was the right to the use of the cedar timber growing or standing upon the land at the time the deed was made. The timber severed by the defendant had grown since the date of the deed. On the undisputed facts, the appellant was entitled to a verdict.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and MCCLELLAN, JJ., concur.