# Webb v. Jones, et al.

*Bill to Define, Establish and Perpetuate a Convenient Way of Egress and Ingress.*

(Decided Nov. 24, 1909.   50 South. 887.)

1. *Easement; Right of Way; Servitude.*—Whether operating as a reservation or exception, the provision in the habendum clause of a deed executed by executors that the executors reserved the right of egress and ingress over the lands therein conveyed to and from certain other lands belonging to the estate, created a servitude of a right of way or passage over the land conveyed.

2. *Same; Construction; Appurtenant or Gross.*—Where executors in their official capacity hold title to certain lands in trust, part of which is inaccessible to a highway, except by crossing the other land held in trust by them, and they convey the lands contiguous to the highway with a provision in the deed reserving to them the right of egress and ingress to the lands inaccessible to the highway, such an easement or reservation is not an easement in gross, creating a void personal right in the executor, but such a provision creates an easement appurtenant to the reserved land under the provisions of section 3396, Code 1907.

3. *Same; Obstruction; Right to Sue.*—Where the owner of an estate servient to an easement of a right of way obstructs the use thereof and threatens to continue to prevent absolutely a further use of the right of way, which may ripen into a legal right to maintain the obstruction, the owners of the fee and easement may sue to enforce their easement notwithstanding the dominant estate has been let to tenants for agricultural purposes.

4. *Same; Obstruction; Demand.*—A demand to open the way is not essential to the maintenance of a bill by the owners of the dominant estate to enforce their easement where it appears that the owner of the servient estate has erected a wire fence along the entire line between the dominant and servient lands, thus preventing all use of a right of way by the owners of a dominant estate or their tenant, and has notified the tenant that they denied his right to use the way and would prevent such use in the future.

[Webb v. Jones, et al.]

5. *Specific Performance; Pleading; Easement; Description.*—
Where a deed reserved a right of way to and from certain lands
belonging to the estate of a decedent and described the lands as
lying west of the land described, and the bill to enforce the ease-
ment accurately described the land and alleged that they were the
only lands belonging to the estate which lie west of the lands con-
veyed, the bill contained a sufficient description of the dominant
estate to permit the court to decree specific performance of the right
of way.

6. *Same; Enforcement; Right of Way.*—Where the servient tenant
denies the dominant tenant's right to the use of a right of way, re-
served in the deed and clearly appurtenant to the dominant estate,
it is the duty of the court under proper pleading to enforce specific
performance by establishing the right, defining the tract and enjoin-
ing disturbance of the way, provided it has not been previously fixed
either by deed or by act of the parties.

APPEAL from Marengo Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by V. M. Jones and others against John C.
Webb, to establish and perpetuate a right of way re-
served by deed. From a decree for complainants re-
spondents appeal. Affirmed.

PETTUS, JEFFRIES & PETTUS, and HENRY McDANIEL,
for appellant.—No adverse user is shown.—*Atkins v.
Boardman,* 37 Am. Dec. 100. The deed created a reser-
vation and not an exception.—Tiedman on Real Prop-
erty, Sec. 843. For the definition of a reservation see.
—2 Dev. on Deeds, sec. 979, and Tiedman on Real
Property, supra. A reservation is always construed
most strongly against the grantor.—*Grafton v. Moir,*
27 Am. St. Rep. 533; 2 Dev. on Deeds, supra. The res-
ervation did not specify the right of egress and ingress
over the roads then in use. It is only a general reser-
vation of a right to a way. The roads actually in use
passed by the deed to Mrs. Kelly, as a part of the lands
conveyed to her, with the right on her part to lay off a
way or road adequate to meet the purpose of ingress
and egress, which passed to those holding under her.—
14 Cyc. 1203; Tiedman 'on Real Property, sec. 608;

*Walker v. Clifford*, 128 Ala. 67. Executors have no power to create an easement in land.—*Bloomfield v. Ketchum*, 25 Hun. 218; *Johnson v. Lewis*, 68 Am. Dec. 190. If the reservation should be held not wholly void, it must be held to be personal to the executors.—*Vann v. Vann*, 71 Ala. 164; *Walker v. Wheelden*, 56 Vt. 344; 2 Dev. ond Deeds, sec. 985. The reservation was void for uncertainty.—*Jackson v. Snodgrass*, 140 Ala. 365. When the bill was filed the dominant estate was not in possession of the appellee but was rented out to tenants which is shown by the bill.—*Quarles v. Winter*, 43 Ala. 692. There should have been a demand before filing the bill.—*Bell v. Thompson*, 34 Ala. 633. The dominant estate was not sufficiently described.—8 La. Ann. 145. There is no right of way by necessity shown.— *Walker v. Clifford, supra; Carbrey v. Willis*, 7 Allen, 364; *Carey v. Rae*, 58 Cal. 159.

REESE & REESE, DANIEL PARTRIDGE, JR., and A. D. PITTS, for appellee.—The reservation is not void for uncertainty.—*Jackson v. Snodgrass*, 140 Ala. 365. The deed contained constructive notice of the reservation. —*Webb v. Robins*, 77 Ala. 177; s. c. 68 Ala. 393. A. court of equity will enforce the performance of such a covenant just as it will enforce a performance of all contracts which are capable of being performed.— *Lyde v. Hadley*, 36 Ala. 627; *Long v. Gibbs*, 80 Ala. 408; *Gardner v. Webster*, 64 N. H. 520; *Bailey v. Nat. Bank*, 190 Mass. 20. No demand was necessary under facts in this case.—*Elliott v. Boyles*, 9 Ala. 779; *Hammett v. Browne*, 60 Ala. 498; *Lyde v. Hadley, supra*. In case of ambiguity in a deed or where it admits of two constructions it will be most strongly construed against the grantor, but this rule is subservient to the ascertained intention of the parties, and is mod-

ified by the rule requiring effect to be given every word so far as possible; nor is the rule, to be applied or invoked until all other rules of construction fail.—*Dixon v. VanHoose,* 47 South. 718; 13 Cyc. 676, and cases there cited. The easement is an appurtenant one and not in gross or personal.—Jones on Easements, secs. 33 and 34, 107 Mass. 591; 66 Conn. 486; 6 Cush. 132; 21 Pick. 72; 113 Cal. 636; 42 Minn. 398; 101 Ill. 455; 3 N. Y. App. 235. A way of necessity which rests upon an implied grant is always appurtenant. 107 Mass. 591; Jones on Easements, secs. 44 and 45. An easement is never presumed to be in gross.—*McMahon v. Williams,* 79 Ala. 288; Jones on Easements, sec. 47 and 48. The courts will endeavor to perpetuate the evident intention of the party.—*McMahon v. Williams, supra;* 157 Mass. 489; 87 Me. 550; 14 Cyc. 1165. A permanent easement appurtenant to land may be acquired by a grantor by a clause of reservation.—Jones on Easements, sec. 92. Nor need the word, "heirs" be used to create an estate which will extend beyond the party making the reservation.—Jones on Easements, sec. 93; 36 Conn. 48. Under the reservation here the easement was not personal but was appurtenant and would pass to a subsequent purchaser.—*McMahon v. Williams, supra; Webb v. Robins, supra;* Jones on Easements, supra; *Overton v. Moseley,* 135 Ala. 606; *Morris v. Tuscaloosa Mfg. Co.,* 83 Ala. 573; *Clanton v. Scruggs,* 95 Ala. 282. On these authorities it is held that a court of equity will enforce, define and perpetuate an easement created.

SAYRE, J.—Henry W. Reese left a will by which he appointed Henry F. Reese, his son, and Henry Withers, his son-in-law, his executors and trustees to perform the trusts created thereby, and devised to

them the land described in the bill in trust for his children, with power to sell at discretion. The bill is filed by the parties named in their capacities as executors and as individuals; they with Virginia M. Jones, and the children of Mrs. Withers, deceased, constituting the parties complainant and all the devisees under the will. In the year 1900 the executors, by a deed executed in pursuance of the power given them by the will, conveyed the land to Mrs. Kelly, under whom, the defendant, appellant here, claims by mesne conveyances. In the habendum there were these words: "The party of the first part (meaning the executors) expressly reserves the right of egress and ingress over the above land to and from certain lands belonging to said estate which lie westerly of the lands herein sold." The bill is filed against Webb to have a reasonably convenient way of egress and ingress over the lands defined, established, and perpetuated by the orders and decree of the chancery court.

The controverted rights of the parties depend upon the purpose and effect of that clause of the deed quoted above. Whether that clause operated as reservation or as exception, there can be no reason to doubt that it fastened the servitude of a right of passage over the land now the property of the defendant.—*Webb v. Robbins,* 77 Ala. 176; *Jackson v. Snodgrass,* 140 Ala. 365, 37 South. 246. Nor is it an objection to the easement that it arises out of the deed made by executors in the execution of their trust.—Washburn on Easements, 261. But the appellant contends that the clause must be held to take effect as a reservation; the end of this argument being that, since a reservation operates as the creation of a new right issuing out of the land conveyed, the absence of the words of inheritance qualifying the reservation must in reason coerce the court

to the conclusion that the easement so created is an easement in gross, or personal to the executors. And, further, the argument along this line takes the form of an assertion that the reservation by the executors of a right personal to themselves is a breach of trust, and therefore void. Upon the assertion that the easement reserved, if valid for any purpose, was personal to the executors, is grounded also the contention that there is a misjoinder of the other parties complainant.

We assign no overshadowing influence to the fact that the clause in question was cast in the form of a reservation. The prime purpose of all interpretation is to arrive at the intention of the parties to the instrument under examination. It is true that the bias of presumptive construction must incline ordinarily against a grantor, whose office it is to speak.—*Jacobs v. Roach*, 161 Ala. 201, 49 South. 576. But the learning in respect to the distinctions between reservations and exceptions is artificial, and so apt not to be observed in the preparation of deeds that at this time the courts construe a reservation as an exception, and vice versa, in order to give effect to the obvious intention of the parties.—*Bowen v. Conner*, 6 Cush. (Mass.) 132; *Winthrop v. Fairbanks*, 41 Me. 307; *White v. N. Y., etc., R. R. Co.*, 156 Mass. 181, 30 N. E. 612. "As an exception may be created by words of reservation, little reliance can be placed upon the language used in determining whether the right is by way of exception or by way of reservation."—*Claffin v. B. & A. R. R. Co.*, 157 Mass. 489, 32 N. E. 659, 20 L. R. A. 638. Form, then, must be brushed aside when once the court, looking through form to substance, is able to discern clearly the real purpose and intent of the parties. Looking to the condition of the estate granted and the surroundings of the parties (*Salisbury v. Andrews*, 19

Pick. (Mass.) 250; *Clark v. Devoe,* 124 N. Y. 120, 26 N. E. 275, 21 Am. St. Rep. 652) there can be no real difficulty in reaching the conclusion that the grantors intended to secure an easement of passage over the land which should be appurtenant to the land retained.

The tract retained, in favor of which the servitude was stipulated, was bounded on the west and south by the estate of another owner, and by creeks and sloughs which made egress and ingress on those sides impracticable, is not impossible. The land conveyed to appellant's predecessor in title lay along the north and east. Van Dorn and Demopolis were the nearest market places, and these points had been reached by roads leading across the land conveyed to the public road between Van Dorn and Arcola. The vendors were in the execution of powers granted to them in trust for themselves and other devisees of the late owner. Presumptively they were acting for the trust estate as an entirety, and not merely for their personal advantage. If, as appellant contends, the reservation of a right of way personal to the executors would have been a breach of trust on their part, this must be a circumstance which would incline the court to hold the easement appurtenant, and not in gross. Moreover, the value of the tract retained depended upon its accessibility from the public road. It was clear that the tract retained would be wholly inaccessible, unless the grantors and their successors in title were to have the right to use some way over the tract conveyed. Under these circumstances it is difficult to believe that the parties intended to stipulate for an easement personal to the executors. On the contrary, the reasonable conclusion arising naturally out of the situation is that the easement was reserved for the benefit of the adjacent land retained.

And this consideration is conclusive to the same effect. Section 3396 of the Code provides that every estate in the lands is to be taken as a fee simple, although the words necessary to create an estate of inheritance are not used, unless it clearly appears that a less estate was intended. In *Karmuller v. Krotz*, 18 Iowa 352, tenants in common entered into a deed of partition which contained this clause: "It is also further distinctly understood that the said John Krotz should have the privilege of a road through the land of the said Bernhart, so as to enable him to take the nearest and best road to Dubuque." Judge Dillon, speaking for the court, and noting that by a statute of that state the term "heirs" or other technical words of inheritance were not necessary to create and convey an estate in fee simple, held that words of inheritance were not necessary to make the right of way contracted for appurtenant, and not a personal privilege merely.

On the authority of *Walker v. Clifford*, 128 Ala. 67, 29 South. 588, 86 Am. St. Rep. 74, the appellant contends that it appears from the bill that complainants have a reversionary interest only in the alleged dominant estate, and cannot, therefore, maintain their bill to enforce a right of way appurtenant to that estate—that a bill for that purpose must be exhibited by the tenant. To us it seems that the case relied upon is easily distinguishable on its facts from the case at bar, and that the principles declared give support to the bill in this cause. In the case referred to different parts of a building had been let by the owner to different tenants. One tenant, by keeping a door closed, denied and obstructed the right of the other to pass through a part of the building occupied by the first. The landlord filed his bill to enforce the claimed right of way, basing his equity on the fact that the mainte-

[Webb v. Jones, et al.]

nance of the closed door would impose liability upon him under his contract with the tenant who claimed to be suffering from the obstruction. Relief was denied on the ground that the obstruction of the alleged easement worked no injury to complainant's reversion, though there were peculiarities of the case which probably contributed to the result. Here the landlord is denied access to his own estate, and its present as well as prospective value is impaired by an asserted right on the part of the appellant which, unless interrupted by a decree, will in the course of time ripen into a legal right to maintain the obstruction. It can be no sufficient answer to the bill to say that the tenant also may have a right. The obstruction is, on the averments of the bill, not only a wrong to the tenant's possession, but to the right of the complainants to have ingress and egress for the purpose of hauling timber, as the bill complains, or, as might have been added, for any other such legitimate purpose as may take an owner to farm lands occupied by his tenants, and is an injury to complainants' reversionary interest as well, in that it impairs the salable value of the estate. In *Lyde v. Hadley*, 36 Ala. 627, 76 Am. Dec. 338, sustaining the equitable jurisdiction to protect the due enjoyment of easements, it was considered that "to deny the owner of land for agricultural purposes, all access to it is to take so much from the general wealth of the community, and is, therefore, an indirect injury to the public, as well as a direct wrong to the individual proprietor."

Nor will it do to say that the nuisance may be abated before the determination of the lease. Thus in England, where the doctrine of ancient lights prevails, an action was maintained by a reversioner for the obstruction of a window, an ancient light, whereby a room was

rendered dark, uncomfortable, and unfit for habitation, although it was shown that the obstruction might easily be removed in the course of two or three days. So for obstructing the flue of a chimney, and for diverting a stream of water whereby the soil was impoverished, and for obstructing a way whereby the enjoyment of premises is rendered inconvenient.—*Tinsman v. Railroad Company,* 25 N. J. Law, 255, 64 Am. Dec. 415. So, here, we do not doubt that complainants may maintain their bill, notwithstanding they may have let the dominant estate, or some of it, as the bill avers, to tenants for agricultural purposes.

Further demurring, the appellant contends that the bill should have shown a demand by the complainants before bill filed to be permitted to use the way secured by the deed. The averment of the bill is that appellant has erected a wire fence along the entire line between the dominant and the servient estates, thereby preventing all mode of ingress and egress to and from complainants' property retained, and has notified the tenant of complainants now occupying their land that he denies and will continue to deny and prevent the use of any way over his land, and is obstructing and preventing, or attempting to obstruct and prevent, orators, their servants, employes, and contractors, from going on said land, and thereby preventing or attempting to prevent them from removing the timber from complainants' land. On these facts it would seem that a demand for an open way would be useless, and the rights are just what they would be, had the making and refusal of such demand been alleged.—*Lyde v. Hadley, supra.* We cannot infer, from anything appearing on the face of the bill, that appellant has denied the right of complainants to a way on the ground that the servitude imposed in practice has been in excess of that se-

cured by the stipulation. The excess of burden here referred to by the appellant is not an excessive use of any way, but the use of a number of ways, whereas the reservation was "a right of egress and ingress over the land" sold to appellant. The maps appended to the bill show subsidiary roads leading over and about appellant's land; but they show two main roads leading from the same, or very near the same, point on the line between the lands belonging to the respective parties, over the land conveyed to appellant, and to different points on the Van Dorn and Arcola road, and the averment is that these roads had been in common use by persons living on complainants' land for 30 years before the deed to Mrs. Kelly, and since. It is not necessary at this time, when the hearing is upon the bill only, to determine whether the reservation secured to the appellees the right to use both these roads, or, indeed, to use either, in preference to another to be laid off possibly in better accord with the reasonable convenience of both parties; but we do not understand that under the circumstances detailed as to the use of these roads, or even in the absence of any common use covering a long period, the use of both by the appellees would justify the appellant in a denial of their right to the use of either, although it should be determined that appellees have a right to a way only, and not to both the roads heretofore commonly used. We accordingly rule that those grounds of demurrer which take the point that the appellees seek to impose an excessive and unreasonable burden on the appellant's land were properly overruled.

One other point is briefly argued by appellant. He insists that since the appellees were, at the time the deed was made, owners of both the dominant and servient estates, it was essential to the validity of the ease-

ment reserved that the dominant estate be clearly described, for otherwise the grantee might have his estate made servient to the lands not contemplated at the time of the reservation and wholly different from the lands for the benefit of which the reservation was made. In other words, the contention is that the contract is so uncertain that the court cannot undertake to decree a specific performance. We think, however, that the bill is sufficient to relieve the court of apprehension on that score. The deed reserves a way to and from certain lands belonging to the estate of Henry W. Reese, deceased, which lie westerly of the lands therein sold. These lands are accurately shown in the bill, and the averment is that they are the only lands belonging to said estate which lie westerly of the land conveyed to appellant. That is sufficiently certain which can be made certain.

Finally, if the way or ways to which the appellees became entitled by virtue of the reservation in the deed were not then fixed by the situation and condition of the respective estates and the use of the ways before and after the date of the deed, the right to have a way was none the less reserved, and in view of the unqualified denial of the right it seems clear, on the averments of the bill, that it will be the duty of the court to enforce specific performance by establishing the right, defining the track, and enjoining the disturbance of the way.—*Lyde 'v. Hadley, supra.*

It only remains to be said, further, that we are of opinion that the demurrer to the bill was properly overruled, and that, in consequence, the decree of the chancery court must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.