(114 So. 37)

### MARTIN v. CONSOLIDATED CONE CO.
### (6 Div. 925.)

Supreme Court of Alabama. Oct. 13, 1927.

1. **Equity** ☞373—Where case was submitted on joint motion of both parties on averments of sworn bill and answer, averments of answer are taken as true.

Where case was submitted for final decree on joint motion of parties on averments of sworn bill and answer, averments of answer are to be taken as true.

2. **Sales** ☞54—Reservation for benefit of seller must be construed contra proferentem.

Reservation for benefit of seller in contract for sale of baking machine, and right to manufacture certain brand of cones, with good will, reserving right to use certain machine, must be construed contra proferentem.

3. **Trade-marks and trade-names and unfair competition** ☞31—Where contract for sale of baking machine and right to manufacture cones reserved right in seller to use four-point machine mentioned, seller, installing six-point irons on machine, did not violate contract.

Where contract of sale of baking machine, right to manufacture certain brand of ice cream cones previously manufactured by seller, good will, and grant of exclusive license reserved to seller right to use four-point machine installed in certain plant, installation of six-point irons to replace worn four-point irons on machine mentioned *held* not violation of sales contract, since reservation did not limit seller to use of four-point irons installed on machine at time contract was made.

4. **Trade-marks and trade-names and unfair competition** ☞21—Where others also used design on ice cream cone, design was not entitled to protection as trade-mark.

Where design on ice cream cone was not peculiar to Bluebird brand of ice cream cones which defendant sold plaintiff's assignor right to manufacture, but design was used in common with other manufacturers of ice cream cones, it was not entitled to protection as part of trade-mark.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill for injunction and specific performance by the Consolidated Cone Company against J. M. Martin. From a decree for complainant, respondent appeals. Reversed and rendered.

Harsh & Harsh, of Birmingham, for appellant.

No injunction will issue as for breach of contract, unless complainant shows such breach, or real or threatened violation of the contract. 32 C. J. 190. Where a cause for injunction is submitted on sworn bill and answer, the burden being upon complainant, the allegations of fact in the answer are taken as true. 32 C. J. 412. The contract has not been violated. It was the purpose of the proviso to reserve the right to use the machine and to replace worn parts. Morgan Envelope Co. v. Albany Perf. Wrapping Paper Co., 152 U. S. 425, 14 S. Ct. 627, 38 L. Ed. 504.

Edward T. Rice, of Birminham, for appellee.

The reservation in the contract gave Martin only the right to continue the use and operation of the four-point cone machine then installed in his plant, as the machine then existed; it spoke in præsenti, and must be construed against Martin. Jacobs v. Roach, 161 Ala. 201, 49 So. 576; Seay v. McCormick, 68 Ala. 549; J. Zimmern's Co. v. Granade, 212 Ala. 176, 102 So. 210; Ashley v. Cathcart, 159 Ala. 474, 49 So. 75; Frank v. Myers, 97 Ala. 437, 11 So. 832; Morris v. Giddens, 101 Ala. 571, 14 So. 406; Smith v. Webb, 176 Ala. 596, 58 So. 913, 40 L. R. A. (N. S.) 1191; Southern I. & S. Co. v. Stowers, 189 Ala. 314, 66 So. 677; 2 Parsons, Contr. (5th Ed.) 5 & 6; Bigelow on Estoppel (5th Ed.) 366; 16 Cyc. 719. Injunction was the proper remedy. Taylor v. Howard, 110 Ala. 468, 18 So. 311; Kyle v. Perf. Mattress Co., 127 Ala. 39, 28 So. 545, 50 L. R. A. 628, 85 Am. St. Rep. 78.

BROWN, J. This is a bill filed by the appellee on June 7, 1920, to enjoin the appellant from using and operating within the state of Alabama "six-point irons on a four-point Stull automatic cone wafer baking machine," and to enforce the specific performance of a contract entered into between appellant and one Culverhouse, involving the sale of a "six-point Stull automatic cone wafer baking machine," the right to manufacture the "Bluebird brand of ice cream cones" theretofore

manufactured by appellant, the good will in respect thereto, and the grant of an exclusive license, with certain reservations to appellant, his heirs and assigns, to install and use a certain attachment for such machines designed by D. L. Stull, on which said Stull had applied for letters patent, then pending.

The bill avers that the appellee had purchased and acquired all the property and rights of said Culverhouse, and at the time of filing the bill was engaged in the business of manufacturing ice cream cones on said machine so purchased from appellant, and had an established and extensive business in respect thereto.

[1] The case was submitted for final decree on the joint motion of the parties, on the averments of the sworn bill and answer, and proof of the exhibit showing the assignment by Culverhouse of his property and rights under the two grants to the complainant, the appellee here. On such submission the averments of the answer are to be taken as true, aside from the fact of such assignment by Culverhouse. Yet, if the answer admits the material averments of the bill and these averments make a case for equitable relief, the complainant would be entitled to relief. Lampley v. Weed & Co., 27 Ala. 621; Winter v. City of Montgomery, 83 Ala. 589, 3 So. 235.

The contract for the sale of the baking machine, the right to manufacture the Bluebird brand of ice cream cones, and the good will thereof, was embodied in separate writing from that granting the license to use the Stull attachment, and the major controversy between the parties arises from their divergent interpretation of the following proviso in the contract granting the license to install and use said Stull patent attachment:

"Provided, however, that I specifically reserve to myself, and to my heirs and assigns, the right to continue the use and operation, within the state of Alabama, of the four-point Stull automatic cone wafer baking machine now installed in the plant of the Southern Baking Company in Birmingham, Ala., for the life of said machine."

[2] It must be conceded that this reservation was for the benefit of Martin, the grantor; that it is a reservation in respect to the property or rights granted by the conveyance in which it is expressed; that it is the grantor speaking; that it speaks in præsenti and must be construed contra proferentem. Jacobs v. Roach, 161 Ala. 201, 49 So. 576; Seay & Hendrick v. McCormick, 68 Ala. 549; Zimmern's Co. v. Granade, 212 Ala. 172, 102 So. 210; Ashley v. Cathcart, 159 Ala. 474, 49 So. 75; Frank v. Myers, 97 Ala. 437, 11 So. 832; Morris v. Giddens, 101 Ala. 571, 14 So. 406; Bromberg v. Smee, 130 Ala. 601, 30 So. 483; 2 Parsons' Contr. (5th Ed.) pp. 506, 507.

[3] The appellant, Martin, was the sole owner of the four-point baking machine, and, as an incident to its ownership, had the right to use it at his will so long as he did not violate the law or impinge the rights conveyed to Culverhouse. There is no contention that Culverhouse purchased or paid for any right, title, or interest in or to the four-point baking machine, or that Martin undertook or intended to convey any right, title, or interest therein to Culverhouse. Although these facts are conceded by the appellee, its contention is that this proviso operates as a restriction on the appellant's right to use his property, and limits him to the use of the four-point irons installed on the machine at the time these contracts were made with Culverhouse, although it appears from the sworn averments of the answer, undisputed by either averments or proof, said four-point irons, at the time these conveyances were made, were so worn that they were unfit for use. Such interpretation of the proviso would convert what clearly appears to be a reservation of certain rights to the grantor, his heirs and assigns, into a restriction or limitation on the right of property in the four-point machine, contrary to the manifest purpose of the proviso.

The sole purpose of this proviso, when construed in the light of the two contracts, or conveyances, and the subject-matter of these contracts, was to reserve to appellant, his heirs and assigns, the right to use on said four-point baking machine the Stull automatic attachment, the subject-matter of the license granted, and for which Stull's application for letters patent was pending, for the period covered by the license, or during the life of said machine.

It further appears from the averments of the sworn answer that the baking irons are not an integral part of the baking machines, any more than the old style waffle iron is a part of the stove; that the baking machine has an identity separate and distinct from the baking irons; that the baking irons are perishable; and, when they become worn, that it is a common custom and usage of the trade to replace these perishable parts, which in no way affects the life of the baking machine as such. Therefore the mere fact that Martin installed new irons with six containers on each iron was not a violation of the contract with Culverhouse, and in no way impinged complainant's rights. The type and design of the machine clearly indicate that its designer contemplated that these perishable parts should be replaced from time to time as necessity required. Wilson v. Simpson, 50 U. S. (9 How.) 109, 13 L. Ed. 66; Morgan Envelope Co. v. Albany Perforated Wrapper Paper Co., 152 U. S. 425, 14 S. Ct. 627, 38 L. Ed. 504.

The equity of the bill must therefore be rested, if at all, upon the assertion that Martin, in equipping his machine with new baking irons, used irons that bake or manufacture ice cream cones impressed with the "small diamond shaped" or "cocklebur de-

sign" used by the appellee in manufacturing the "Bluebird brand" of ice cream cones. Appellee's contention is that the design impressed on the "Bluebird brand" was as much a part of the good will as the brand, for which Martin had received full compensation in the sale to Culverhouse, and that the use of this design by Martin constituted unfair competition and infringement of appellee's contract rights. Kyle v. Perfection Mattress Co., 127 Ala. 39, 28 So. 545, 50 L. R. A. 628, 85 Am. St. Rep. 78; Myers v. Buggy Co., 54 Mich. 215, 19 N. W. 961, 20 N. W. 545, 52 Am. Rep. 811; Yellow Cab Co. of New Orleans v. Jones, 156 La. 837, 101 So. 216.

[4] However, it appears from the uncontroverted averments of the answer to the bill that the design was not peculiar to the "Bluebird brand" of ice cream cones, that the two designs known as the "cocklebur cone" and "rib cone" were used in common by the manufacturers of ice cream cones, and "are common property of the ice cream trade, and no one has any exclusive right to the use of the same." Taking these averments as true, it cannot be said that the "cocklebur design" is a sign, symbol, or device for the purpose of indicating that the goods upon which the design appears were made or sold by a particular person, a fact essential to its protection as a part of the trade-mark. Kyle v. Perfection Mattress Co., supra; Lawrence Mfg. Co. v. Tennessee Mfg. Co., 138 U. S. 537, 11 S. Ct. 396, 34 L. Ed. 997.

For the reason above stated, we are not of opinion that the act of the appellant in equipping his baking machine with new six-point irons with the similar design or impression to that used by the appellee was a violation of the contract or an infringement of the appellee's trade-mark.

The decree of the circuit court is therefore reversed, and one will be here rendered dismissing the bill.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.