142 So. 410

### MILNER LAND CO., Inc., v. HOUSTON.

6 Div. 826.

Supreme Court of Alabama.

April 28, 1932.

Rehearing Denied June 16, 1932.

E. L. All, T. A. McFarland, and Bradley, Baldwin, All & White, all of Birmingham, for appellant.

Clark Williams and James H. Willis, both of Birmingham, for appellee.

**BOULDIN, J.**

The action is to recover damages to abutting property resulting from the lowering of street and alley grades.

The cause was tried on count F of the complaint, which (omitting the exhibit) reads:

"Plaintiff claims of defendant the other and further sum of ten thousand dollars damages for that heretofore, to-wit, on the 18th day of October, 1922, lots 1 and 2, Block 9, according to survey of Milner Land Company's Fourth Addition to the City of Birmingham, map of which is recorded in the office of the Judge of Probate of Jefferson County, Alabama, in Map Book 11, page 7, were, and said lots ever since have been, adjoining lots in said survey, said lot 1 lying west of said lot 2. And plaintiff avers that on said date, and ever since, Aberdeen Road bounded and abutted said lots on the north, Lanark Road bounded and abutted said lot 1 on the west, and an alley bounded and abutted said lots on the south. Plaintiff further avers that on said date, and ever since, said Aberdeen Road, said Lanark Road and said alley were public highways of the City of Birmingham, and that said Lanark Road and said alley were in said survey and formed part and parcel thereof. Plaintiff further avers that on said date, as the defendant well knew, the plaintiff owned said lot 2, and that on said date the defendant executed, acknowledged and delivered to plaintiff a written instrument, copy of which, marked Exhibit A, is attached hereto and made a part hereof as fully as though set out herein.

"And plaintiff avers that at the time of the execution and delivery of said instrument the plans of Milner Land Company mentioned in said instrument provided that that part of said Lanark Road abutting said lot 1 should be constructed and improved upon a grade at the elevation of a line connecting the top of a sewer manhole then existing in said Lanark Road at or near its intersection with Aberdeen Road and the top of a sewer manhole then existing in the intersection of Lanark Road and said alley, and that the portion of said alley abutting said lots 1 and 2 should be constructed and improved upon a grade at the elevation of a line along the center of said alley connecting the top of said last mentioned sewer manhole with the natural surface of said alley approximately 25 feet east of the west line of said lot 1, and thence continuing in an easterly direction along the center line of said alley at the natural grade or elevation thereof, and plaintiff avers that it thereupon became and was the duty of defendant to improve said Lanark Road and said alley at said grade or grades, but that defendant has breached said duty in this: defendant, during the period commencing with July, 1924, and ending with the month of January, 1925, constructed said portion of Lanark Road abutting said lot 1 and said portion of said alley abutting said lots 1 and 2 upon an entirely different grade than the aforesaid grade provided by said plans, namely, at a grade, towit, eight feet lower than the grade so provided by said plans, whereby access to plaintiff's said lots has been rendered difficult and inconvenient, plaintiff has been deprived of lateral support for said lots, said lots have been rendered unsafe for use, and the market value of said lots has been greatly depreciated, all to the damage of plaintiff as aforesaid."

Exhibit A was a deed in printed form adopted by Milner Land Company for conveyances of lots in subdivisions being developed and put on the market in the section known as Milner Heights in Birmingham. This deed contained the following stipulation: "As the above consideration includes cost of street improvements in accordance with the plans of the Milner Land Company (Inc.), it is understood and agreed that the Milner Land Company (Inc.) shall have the right to make any street or other improvement on or abutting on said lot, and to change the present street or alley grades if neces-

sary, without liability to the grantee herein for any claim for damages."

The main issues in the case turn on the construction of this feature of the deed. The provision is in the nature of a covenant on the part of the grantor to make street improvements at its own cost subsequent to the grant; the purchaser taking the property in an ultimately improved state in this regard.

The provision also embodies a reservation, the right to change the "present street or alley grades, if necessary," in making such improvements, without liability to the grantee or his successor in title for damages by reason of such change of grade. The construction of this reservation is the bone of contention.

■ The plaintiff gives emphasis to "street improvements in accordance with plans" of the grantor; contends that by reference such plans were incorporated in the deed, and, construing the whole, it means such change of the present, natural, or surface grades as is necessary to make the improvements according to those plans. Accordingly, it will be noted, the complaint expressly avers the Milner Land Company, grantor, had theretofore provided plans, including grade plans, and that such grades were shown on the ground by the tops of sewer manholes then existing, one at the intersection of Lanark road with Aberdeen road at the northwest corner of plaintiff's property, and the other at the intersection of Lanark road with the 20-foot alley in question at the southwest corner of plaintiff's property.

Defendant insists, first, by way of demurrer, that, taking the averments of the complaint showing established grades, in connection with the reservation in the deed, made a part of the complaint, the "present grades" mentioned in the reservation should be construed to mean those established grades; that the right is reserved to make "any street or other improvement," and therefore the reservation carries the right to make any changes in grades shown by the plans which are found reasonably necessary considering all the elements that may enter into the determination of the proper grades.

■ This view does not give proper effect to the stipulation that the improvements were to be made in accordance with the plans, if, as averred, the plans included the grades. Such reservations in deeds drafted by the grantor are to be construed favorably to the grantee. If the stipulation meant the improvements should be made according to plans. except in the matter of grades, such meaning could have been very easily and clearly expressed. The reservation speaks of change of present grades, not present plans for grades.

Again "if necessary" becomes much more certain in meaning and effect, when construed as the trial court construed it; namely, such changes of present surface grades open to observation of the purchaser, as were necessary to make the improvements as per plans. This matter of certainty becomes the more important as we reflect upon the subject-matter to which this reservation related.

The property, it appears, lays on Red Mountain, a rugged, broken section, often with heavy natural grades, sometimes precipitous slopes, necessitating curved or spiral winding streets, with cuts and fills, to keep within the maximum grade of 10 per cent. required by municipal authority.

It further appears the grade of Lanark road alongside plaintiff's property, as per plans averred in the complaint, was to be less than 6 per cent.; that by the change made in 1924, at a time when another adjoining subdivision was being developed, the grade was made the maximum of 10 per cent. This change, increasing the grade to be negotiated by public travel, and excavating rather heavily alongside plaintiff's property, is sought to be justified in part by the benefits accruing to the new subdivision, making possible, or greatly reducing the expense of tying in new streets through such new subdivision.

■ Of course, the parties may stipulate for such contingency with entire propriety, but, if property is being put on the market with improved streets according to plans referred to in the deed, any reservation designed to change such plans in the interest of the grantor and to the hurt of the grantee should be clearly expressed.

With the facts averred in the complaint further identifying the subject-matter to which the reservation related, we conclude the demurrer was properly overruled.

■ Evidence to sustain its averments as to what the plans provided did not vary or contradict the terms of the deed, but related to the circumstances attending its execution, tending to elucidate the terms employed therein.

The defendant further insists that in fact there were no grade plans; that "street improvement plans" referred to the horizontal layout of streets and alleys on the recorded plat of this subdivision or addition: that street grades were to be established with approval of municipal authority when the improvements were undertaken; and that the reservation meant such changes from natural surface grades as were reasonably necessary; that such necessity is to be determined in view of all the interests involved, such as convenience of public travel, connection with existing streets, the tying in of new streets in course of new development, the interest of abutting property owners within and without

the immediate subdivision, including the grantor.

Defendant's evidence goes to the effect that no grade plans were in existence, and to the further effect that the grades thereafter made were reasonably necessary in view of all the interests to be considered, and made with the approval of the city engineer.

█ Plaintiff's testimony was to the effect that, during his negotiations for the lot conveyed by such deed, Mr. Milner, president of the company, and shown to have been its alter ego in these transactions, pointed out the manholes to him as marking the grade for street improvements. Plaintiff's testimony touching the representations of Mr. Milner relating to the grade plans was in substance the same as averred in the complaint. Demand had been made for the production of plans, and the reply given that such plans had never existed. The evidence was not, therefore, objectionable because secondary. Nor was it necessary to prove Mr. Milner had knowledge of the contents of all the grade plans in the subdivision. Being the spokesman for his company, his declarations of fact are presumed to have been based upon knowledge of the facts represented; other evidence discloses that he was the active head of his company in making such plans as were made. His declarations, if made as plaintiff says, tended to show the existence of plans as well as what they were. Nor were such statements objectionable as prior negotiations merged in the written contract. They tended to show the meaning of the contract as heretofore said in dealing with the complaint.

█ It should be noted that no question of estoppel by representations or by deed is involved. By the complaint the court was relieved of construing the deed in the event no plans existed. As pointed out by the trial court, the existence of grade plans was averred as a fact, and the burden of proof in that regard assumed by plaintiff.

The court properly construed the deed only in the event the jury found such averment to be true. Under the evidence the existence of grade plans was a question for the jury.

What we have written will suffice to disclose there was no error in refusal of the several charges to defendant presented in appellant's brief; nor in the portion of the oral charge excepted to by defendant on the trial.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.

ANDERSON, C. J., and GARDNER and FOSTER, JJ. (dissenting).

Holding that the reservation in the deed, by its own terms, protects the grantor against the claim for damages here asserted; and that demurrers to count F of the complaint should have been sustained.