74 So.2d 713

Mrs. Myrtle CRUMP

v.

Willie V. CRUMP et al.

6 Div. 560.

Supreme Court of Alabama.

Dec. 17, 1953.

Rehearing Denied Oct. 7, 1954.

Fite & Fite, Hamilton, Fite & Fite, Jasper, for appellant.

Wiggins & Wiggins, Jasper, R. G. Redden, Vernon, for appellees.

LAWSON, Justice.

This is a bill in equity by Willie V. Crump, Lillian G. Turman, Burlie L. Crump, Ittie Lee Finch, Orbie P. Crump and Annie Mildred Crump, filed in the circuit court of Lamar County, in equity, against Mrs. Myrtle Crump. The purpose of the bill is to have the title quieted to certain lands situate in Lamar County. After the respondent filed her demurrer, which was never ruled on, she filed answer and cross-bill. The complainants-cross-respondents answered the cross-bill.

No witness was called to give testimony. Submission for final decree was had on a written stipulation of the parties, which reads as follows:

"In this cause it is agreed between the parties as follows:

"1. That complainants and defendant are over the age of Twenty-one years and the addresses of all the parties are correctly shown in the bill of complaint in this cause and the land involved is situated in Lamar County, Alabama.

"2. That on the 15th day of January, 1948, John Howard Crump, who was then the husband of defendant, Mrs. Myrtle Crump, executed to the complainants in this case four deeds which are attached to this agreement as exhibits A, B, C, and D, and made parts hereof. Said Deeds were filed for record in the Probate Judge's office in Lamar County, Alabama, on the 17th day of January, 1948. After the execution of said deeds John Howard Crump executed a will, a copy of which is attached to this agreement as Exhibit 'E' and made a part hereof. Said will was executed on the 20th day of April, 1948, and John Howard Crump died in 1951 while a resident of Lamar County, Alabama, and before July, 1951. The said will of John Howard Crump was legally probated in the Probate Court of Lamar County, and proper endorsement was made thereon by the Judge of Probate of the said county certifying to the same as being the last will and testament of John Howard Crump and as having been duly filed for probate as such.

Said Will was probated on July 30, 1951.

"3. The land in dispute between the parties to this cause is the land described in the deeds to complainants above referred to. The said John Howard Crump never executed any other deeds to the land and at the time of his death he owned all interest in said land which had not been conveyed by said deeds. The lands described in said deeds are the lands which the bill of complaint in this case describes or was intended to describe and the bill of complaint shall be treated by this court as describing the said land.

"4. The only dispute between the parties to this cause grows out of the construction of the said deeds to complainants. It is contended by defendant that said deeds reserved the timber and mineral in and on said land and that such timber and mineral passed to defendant under the will of John Howard Crump. If such timber and mineral or any of it was reserved by John Howard Crump in said deeds and was not conveyed to complainants by said deeds the said John Howard Crump owned the timber and minerals in and on said land at the time of his death and such timber and mineral passed to defendant under the will and are now owned by defendant. Complainants contend that said deeds did not reserve the timber and minerals in and on said land except for the life of the grantor but that the effect of the deeds was to convey to the complainants herein all of the said land including the timber and minerals with such exception, and with the reservation of the right to occupy the land during the balance of the life of John Howard Crump. If the timber and minerals did pass to complainants by said deeds, the defendant has no interest therein. The complainants herein shall be treated by the Court as having been in peaceable possession of the land involved in this case at the time the bill in this case was filed and

were claiming to own it. There was then no suit pending in any court to test the validity of the claim of defendant to said land. This defendant is the same person as Myrtle Cantrell Crump, who is named in the will of John Howard Crump.

"5. This cause is submitted to the court upon the pleadings and upon this agreement and the exhibits attached hereto."

The only provisions of the will of John Howard Crump which need to be set out here are those contained in the second clause thereof, which reads: "I give, devise and bequeath unto my wife, Myrtle Cantrell Crump, all of my property, real, personal and mixed, of which I die seized and possessed, to have and to hold absolutely."

The four deeds which are made exhibits to the written stipulation cover separate parcels of land. The deed which is made Exhibit A contains some language not included in the other three deeds, which are identical except for the description. However, we are not concerned here with the language contained in Exhibit A which is not found in the other deeds. It seems to have been conceded by the parties at the trial below and it appears to be the desire of the parties to this appeal that the four deeds be treated as being alike.

It will be sufficient, therefore, to set out here only one of the deeds. The deed made Exhibit B to the written stipulation, exclusive of the description, the signature of the grantor, and the acknowledgment, reads as follows:

"Know All Men by These Presents, That in consideration of my love and affection and Five Dollars, the reservation of the timber and mineral rights and the right to occupy said property during the balance of my natural life.

"To the undersigned grantor John Howard Crump, an unmarried man, in hand paid by Willie V. Crump, Lillian G. Turman, Burlie L. Crump,

Ittie Lee Finch, Orbie P. Crump and Annie Mildred Crump the receipt whereof is acknowledged I, the said John Howard Crump do grant, bargain, sell and convey unto the said Willie V. Crump, Lillian G. Turman, Burlie L. Crump, Ittie Lee Finch, Orbie P. Crump and Annie Mildred Crump.

"the following described real estate, to-wit (description)

"To Have and to Hold, To the said Willie V. Crump, Lillian G. Turman, Burlie L. Crump, Ittie Lee Finch, Orbie P. Crump and Annie Mildred Crump, their heirs and assigns forever.

"And I, do, for myself and for my heirs, executors and administrators, covenant with the said Willie V. Crump, Lillian G. Turman, Burlie L. Crump, Ittie Lee Finch, Orbie P. Crump and Annie Mildred Crump, their heirs and assigns, that being lawfully seized in fee simple of said premises; that they are free from all encumbrances; that they have a good right to sell and convey the same as aforesaid; that I will, and my heirs, executors and administrators, shall warrant and defend the same to the said Willie V. Crump, Lillian G. Turman, Burlie L. Crump, Ittie Lee Finch, Orbie P. Crump and Annie Mildred Crump, their heirs and assigns forever, against the lawful claims of all persons.

"In Witness Whereof, I have hereunto set my hand and seal, this 15 day of January 1948."

The trial court on January 14, 1953, rendered the following decree:

"This cause coming on to be heard by the Court and being submitted upon agreed set of facts by the Parties to this cause, all as noted by the Register, and the Court having considered the evidence in said cause and having carefully considered and read the provisions of the deeds to the Complainants by the deceased John Howard Crump, and the Court is of the opinion that the intention of said John Howard Crump expressed by the verbiage of the deeds was to reserve a life estate or interest in the timber and mineral rights only, and the right to occupy the lands during his natural life, and at his death said timber and mineral rights were to revert to and become a part of the realty and be owned by the Complainants;

"The Court further, in studying the agreement as to the evidence in this cause, notes that it was agreed that John Howard Crump and the defendant were husband and wife on the date of January 15, 1948, which was the date of the execution of the several deeds in question, and the Court further notes that by the pleadings of the Defendant she was not the wife on that date, but married the defendant on the following day, and the Court having heard this question in a former suit involving the attempt of the said John Howard Crump to set aside said deeds knows that this is not true and this is a typographical error;

"The Court is of the further opinion that the Complainants are entitled to the relief sought in their Bill of Complaint and that the Defendant is not entitled to any relief under her cross-bill and answer as amended:

"Now, therefore, it is the order, judgment and decree of the Court that the cross-bill of the defendant and the cross-bill of the defendant as amended be and the same are hereby dismissed:

"It is the further order, judgment and decree of the Court that the Complainants now own the hereinafter-described lands together with all the mineral rights and timber thereon and that the Defendant has no claim, in-

terest or homestead right or any interest whatsoever in said lands, and that the Complainants own the legal title to said hereinafter-described property, and all interest therein, the said property being described as follows, to-wit:

(Description)

"It is the further order, judgment and decree of the Court that the title to the above-described land is hereby quieted as to the Defendant and confirmed in the Complainants in and against the Defendant. * * *"

From the said decree of January 14, 1953, the respondent-cross-complainant, Mrs. Myrtle Crump, has appealed to this court and has made the following assignment of error: "The lower court erred in decreeing that appellant owned no interest in the land involved in this case."

After the decree was rendered and after the appeal was taken, counsel of record for all of the parties entered into a written agreement which has been included in the record presented here on this appeal, wherein it is admitted that the written stipulation upon which the cause was submitted for final decree is in error in so far as it is said therein that the appellant, Mrs. Myrtle Crump, was the wife of John Howard Crump on January 15, 1948, the day on which the four deeds were executed, inasmuch as they were not married until the day following, January 16, 1948. This written agreement appears to have been included in the record on this appeal because counsel were in doubt as to whether the trial court was justified in finding contrary to the facts agreed upon during the trial of the cause, although such finding was in accord with the true facts. Since this written agreement of counsel, which has been inserted in the record on appeal, is in accord with the finding of the trial court rather than contrary thereto, we will for the purposes of this appeal review the decree appealed from as if the correction had been made prior to submission for final decree. The effect of this written agreement of counsel is to eliminate all questions as to the rights of appellant based on the theory that she was the wife of John Howard Crump at the time the deeds were executed.

█ It has been said that in interpreting reservations and exceptions in deeds, the purpose is to ascertain the intention of the grantor from the words employed; subject matter and attending circumstances are to be considered where words have doubtful meaning. Derham v. Hovey, 195 Mich. 243, 161 N.W. 883, 21 A.L.R. 999.

We have no evidence before us as to the attending circumstances except that the deeds were made to grantor's children on the day prior to his second marriage. These circumstances standing alone fail to shed any clear light on the grantor's intent.

No satisfactory solution can be arrived at by trying to apply rules of rhetoric or syntax, in view of the punctuation, the lack thereof, and the collocation of the words used. These deeds bear upon their face the most palpable marks that they were drawn by a person who was not only unfamiliar with legal forms, but who was also incapable of expressing his meaning with clearness and precision.

In our opinion the real question in this case is, what did the grantor mean by the use of the following language: " * * * the reservation of the timber and mineral rights and the right to occupy said property during the balance of my natural life." While the words just quoted cannot properly be said to constitute a clause, we will refer to those words hereafter as the reservation clause for the sake of brevity. Nothing is contained in the other language of the deeds which can help in the determination of what the grantor intended by the so-called reservation clause.

The appellant contends, in effect, that the words "during the balance of my natural life" modify or qualify only the words "the right to occupy said property"; and that the words "the reservation of the

timber and mineral rights", being divided from the rest of the so-called reservation clause by the word "and", are separate and distinct and have the effect of excepting from the grant the timber and mineral rights absolutely.

On the other hand, the appellees seem to take the position that it is apparent from the words used in the so-called reservation clause that the grantor intended to reserve two things: (1) "the timber and mineral rights" and (2) "the right to occupy said property," both "during the balance of my natural life."

■ We think that the interpretation or construction placed on the so-called reservation clause by the grantees, the appellees here, is as plausible as the construction placed thereon by the appellant. In other words, we are clear to the conclusion that the words used in the so-called reservation clause are ambiguous and that the meaning of that clause is doubtful.

We must therefore construe the so-called reservation clause so as to resolve the doubts in favor of the grantees and against the grantor. May v. Bedsole, 245 Ala. 323, 16 So.2d 703; Milner Land Co. v. Houston, 225 Ala. 223, 142 So. 410; Martin v. Consolidated Cone Co., 216 Ala. 551, 114 So. 37; Webb v. Jones, 163 Ala. 637, 50 So. 887; Jacobs v. Roach, 161 Ala. 201, 49 So. 576; 16 Am.Jur. 615, Deeds, § 309; 26 C.J.S., Deeds, § 140, p. 450.

■ It follows that the court below did not err in concluding that the interest of the grantor in the timber and mineral rights was only for the balance of his natural life and that upon his death the appellant could take no interest therein as the beneficiary under the will of the grantor, John Howard Crump.

The decree of the circuit court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.