JONES, Justice.
This appeal by intervenor/Defendant challenges the trial court’s judgment dismissing her counterclaim and declaring the City of Saraland to be the fee simple owner of the subject property free and clear of all covenants. The case was submitted below on a stipulation of fact. A summary of that stipulation will suffice for the purpose of our disposition of the issue here presented.
On June 8, 1974, Anne Lowenburg and Jeanne Pake, for a total consideration of $201,120, with a cash down payment of $30,168, conveyed 220 acres of property, part of which is the subject of this litigation, to Jaleo, Inc., by a “vendor’s lien deed.” That instrument provides, in part, that:
“By accepting this conveyance the Grantee does hereby agree and bind itself, its successors and assigns, so long as any part of said purchase price, or the interest thereon, remains unpaid as follows:
“[The first seven numbered paragraphs contain what is commonly referred to as ‘boilerplate’ provisions protective of the sellers’ security interest in the property for the duration of the lien period.]
“8. That not less than 50 acres of the property will be used exclusively for the construction of a golf course and for no other use or purpose for a period of 40 years with said golf course to contain not less than nine holes and to be completed within 5 (five) years from the date of closing of the sale.”
Although the record does not disclose the full extent of the grantors’ real estate holdings, it is undisputed that the property described by this conveyance was carved out of a much larger tract, and that a material consideration therefor was the enhancement in value of the remaining portion. Nor is it a point of contest that Jalco’s original purpose was to use approximately 50 acres as a golf course to increase the value of its remaining acreage.
Apparently from the sale of an undisclosed number of lots, Jaleo paid the balance of the purchase price; and the lien reserved in the vendor’s lien deed from Lowenburg and Pake was duly cancelled of record on March 1, 1978.
On March 24, 1978, Jaleo, not having built a golf course, conveyed 67 acres of land to Meaher Development Company for a cash consideration of $50,000. Meaher then, on the same day, conveyed the same land to the City for a cash consideration of $120,000. Each of these conveyances contained almost identical provisions pertaining to the construction of the golf course, which differed only slightly (and immaterially) from the substantive provision in the original conveyance from Lowenburg and Pake. The City began construction of the golf course and spent $350,000 toward its completion, which was expended during the terms of office of the mayor and city councilmen who, on behalf of the City, effected the purchase from Meaher.
In July 1980, the mayor and three city councilmen of Saraland were tried and convicted of bribery in connection with the City’s purchase of this property. As a result of their criminal convictions, these city officials were removed or resigned from their respective public offices; subsequently, they were replaced by the present mayor and city council, who instituted this action seeking equitable relief from enforcement of the covenant.
The City, as Plaintiff, named as Defendants only Jaleo, Inc., the president and sole stockholder of Jaleo, Meaher Development Co., Inc., and the president and sole stockholder of Meaher. Mrs. Lowenburg, individually and as executrix of Mrs. Pake’s *564 estate, intervened as a party Defendant and filed an answer and counterclaim seeking enforcement of the subject covenant. From a final judgment in favor of the City against all Defendants, only the intervenor, Lowenburg, individually and in her representative capacity, appeals.
The parties agree that neither of the original grantors was implicated in any manner in the fraudulent scheme involving Jalco’s president, Meaher’s president, the mayor, and the three councilmen. Further, the parties stipulated that Lowenburg, as well as Jalco’s lawyer, who drafted the vendor’s lien deed, would testify that the parties thereto intended to create a covenant running with the land with respect to the golf course construction without the time restriction expressed in the introductory clause.
Finally, the stipulation summarizes the respective contentions of the parties:
“The lien reserved in the vendor’s lien deed from Jeanne W. Pake and Anne Lowenburg to Jaleo, Inc., was duly can-celled on March 1st, 1978....
“The [City] contends that it had a right to rely upon this cancellation at closing and that the cancellation of the lien covered all obligations secured by the lien, including the obligation contained in the vendor’s lien deed to build a golf course upon an unspecified 50 acres of land.
“[Lowenburg] contends that the lien cancellation cancelled only the obligation to pay the indebtedness and not the obligation to build the golf course.”
We are guided in our analysis by the principle of construction set out in Allen v. Axford, 285 Ala. 251, 231 So.2d 122 (1969):
“The paramount factor in determining whether a covenant is one running with the land is the intent of the parties. [Citations omitted.] In determining this a court first looks to the instrument, and if this intent be not clear from the face of the instrument, the court will look to surrounding circumstances. [Citations omitted.]
“In McMahon v. Williams, 79 Ala. 288, it is stated:
“ ‘One of the most practical tests, supported by common sense and common business experience, is, whether the restriction imposed by the grantor or proprietor upon the granted premises would naturally operate to enhance the value of his adjacent premises, whether retained by him or conveyed to another. If this be so, it is a strong circumstance to indicate that the restriction was not intended for the mere personal benefit of the grantor, but as a permanent servitude beneficial to the owner of the land, whoever he may be, and appendant to the premises.’
“In Webb v. Jones, [163 Ala. 637, 50 So.887], the observation is made that:
“ ‘If the provision was reserved for the benefit of the adjacent land retained, and not merely for personal advantage, covenants are said to touch and concern (the land).’
“A restriction having attached and become appendant to the land, it runs with the land automatically whether such words as ‘heirs and assigns,’ ‘perpetual,’ ‘running with the land,’ be used or not used.” 285 Ala. at 258, 231 So.2d at 128.
From the totality of the circumstances, then, as they appear from the record, it is clear that the intent of all the parties involved was for the covenant concerning the construction of the golf course to be a covenant running with the land. The unfortunate placement of this provision, within the list of conditions applicable to the interest secured by the lien, will not destroy its obvious intent in this instance.
Our rejection of the City’s “cancellation” contention is based on two separate but related lines of reasoning:
1) The “scrivener’s error” in placing the golf course construction covenant among the numbered “boilerplate” ■ provisions, which automatically extinguishes upon satisfaction of the purchase money lien, is an obvious and self-correcting error. The conflict between the language of sub-paragraph 8 and the “so long as the purchase price ... remains unpaid” language *565 in the introductory paragraph is not of such nature as to create an ambiguity. These separate provisions are so clearly different in their respective intents and purposes — each containing its own operative time restriction — that the inadvertent placement of the golf course construction covenant, contained within the “laundry list” of self-expiring provisions, provides no legal basis to alter the interpretation of the golf course provision as a covenant running with the land.
2) The City’s prayer for relief, at trial as well as on appeal, is not to void the sale and seek only monetary damages against the originally named Defendants; rather, the City, in addition to its claim for damages against the original Defendants, seeks to validate the sale, retain the property, and have its fee simple title judicially declared free of any covenant running with the land, and thus relieve itself from any obligation to construct a golf course on the designated acreage in its deed from Meaher. Based upon the unauthorized conduct of its corrupt former officials, the City asserts moral and ethical reasons why its citizens should not have to bear the financial burden of completing the golf course. While we are sympathetic with the City’s plight, we cannot ignore the legal rights of an innocent grantor to enforce an unambiguous covenant running with the land.
Because of our holding, we find it unnecessary to reach Lowenburg’s estoppel argument. Likewise, it is unnecessary to invoke the “surrounding circumstances” doctrine, in view of our holding that the drafting inadvertence is self-correcting; thus, the intention of the parties is clear from the face of the instrument. The judgment of the trial court, therefore, is reversed, and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and SHORES, BEAT-TY, and ADAMS, JJ., concur.